## *NUGENT* vs. *DELHOMME.*

THIS was an action by an endorser, against the maker of a promissory note.   See *Nugent* vs. *Mazange, ante* 265.

*Porter,* for the defendant, opposed the introduction of the note as evidence, on the ground that, since the making of it, a material alteration had taken place, without the consent or knowledge of the maker, which totally annulled the instrument.

*Hennen,* for the plaintiff.   The alteration of a note, or bill of exchange, must be in a material part, as the date, or sum, to make it void : the leading case on this doctrine, is that of *Master &*

A *memorandum* at the foot of the note, shewing a new domicil, does not avoid the note.

Payment by an indorser, discharges the maker.

Costs alone never given by the jury.

FALL 1812.
I. District.

NUGENT
vs.
DELHOMME.

*al.* vs. *Miller*, decided in the K. B. 4 *Term. Rep.* 320, and affirmed on error in the exechequer chamber, 2 *Hen. Black.* 141, in which the date of a bill of exchange, drawn on the defendant on the 26th March, 1788, payable three months after date to J. S. and accepted by defendant, was altered by some person unknown, after acceptance and while the bill remained in the hands of J. S. the payee, from the 26th March, 1788, to the 20th March, 1788, without the authority or privity of the defendant : J. S. the payee, afterwards endorsed the bill so altered, to the plaintiff, for a valuable consideration. It did not appear that the plaintiff knew of the alteration, at the time when the bill was endorsed to him. Payment having been refused, plaintiff sued the defendant. The case was twice argued, and it was determined by the court, that the alteration of a bill of exchange, after acceptance, whereby the payment would be accelerated, avoids the instrument ; and no action can be afterwards brought upon it by an innocent holder, for a valuable consideration. But alterations in a note or bill, acquiesced in by the parties concerned, *Patton* vs. *Winter*, 1 *Taunt.* 420. *Kershaw* vs. *Cox*, 3 *Esp. N. P. Cas.* 246. and alterations made in an immaterial part, and not affecting the responsibility of the parties to the note or bill, have never been considered as avoiding the instrument. In *Trapp* vs. *Spearman*, 3 *Esp. N. P. C.* where

the action was brought by the indorser against the acceptor of a bill of exchange, and the defence set up was, that an alteration had been made in the bill after it was given, by adding, " when due at " the *Cross-Keys, Blackfriar's road ;*" which Erskine contended, rendered the bill void : Lord Kenyon said, " that this was not an alteration " either in the time of payment, or in the sum ; " that to make a bill of exchange void by reason " of an alteration, it should be in a material part ; " though it had been formerly holden, that even " telling up a sum on a bill, or writing any thing " upon it, would invalidate it, that strictness was " now exploded : and as the alteration in the pre- " sent case was not in a material part, but only " pointing out the place where the bill was to be " paid, it was not such an alteration as should in- " validate the bill."

FALL 1812.

I. District.

NUGENT
*vs.*
DELHOMME.

THE memorandum at the bottom of this note, "*payable at the domicil of Dukeilus*," cannot be considered as altering the responsibility of the defendant, *Delhomme ;* it cannot be considered merely as an indication of the place where payment might be demanded by the holder. It is true that regularly a demand of payment of the acceptor of a bill, and the maker of a note must be made at their domicil, or where the bill or note is payable : particularly would it be necessary, in order to charge an indorser, that the note or bill

FALL 1812.
I. District.

NUGENT
*vs.*
DELHOMME.

should be protested at the place where payment was to be made, agreeable to the terms of the instrument; yet is it equally true, that the acceptor of a bill of exchange, and the maker of a promissory note are liable universally; that the place of payment forms no part of the contract; nor is it necessary to prove in an action against the maker of promissory note, or the acceptor of a bill of exchange, that payment was demanded at such place. 1 *Camp.* 423, 4, 5, *Lyon* vs. *Sardins,* 2 *Campb.* 656, 7. *Fenton* vs. *Goundry.* In the case of *Foden* vs. *Sharp,* 4 *Johns. Rep.* 184, the court said, that the holder of a bill of exchange need not shew a demand of payment of the acceptor of a bill of exchange, any more than of the maker of a note. It is the business of the acceptor to shew, that he was ready, at the day and place appointed, but that no one came to receive the money; and that he was always ready afterwards to pay.

*By the Court.* The case of *Trapp* vs. *Spearman* appears conclusive. Let the note go to the jury. If the counsel for the defendant is able to produce contrary authorities, he may move for a new trial.

THE defendant proved that the plaintiff had received from Mazange, one of his endorsers, full payment of the note.

*Porter*, for the defendant. This has entirely destroyed his right of action. The case of *Gilmore* vs. *Ker*, 2 *Mass.* 171, establishes this position. The court there determined that when an indorser of a promissory note, has recovered judgment and satisfaction in an action against the indorser, he cannot have costs in an action previously commenced against the promisor.

*Hennen* and *Morel*, for the plaintiff.

ON this new point, that after payment of the debt, interest and costs in the action against the indorser, the action brought at the same time against the maker, is gone, and judgment must be rendered in his favour for costs.

THERE is but one case to be found, in either the English or American reporters, which goes the length contended for by the counsel for the defendant, 2 *Mass. Rep.* 171, and in that case the court have not referred to any adjudged case, as the ground of their decision. In the case of *Tarin* vs. *Morris*, 2 *Dal.* 115, a contrary decision appears to have been sanctioned. In the case of *Austin* vs. *Beneiss*, 8 *Johns. Rep.* 356, it was decided generally, that where separate suits are brought against the maker and endorser of a note, and separate judgments recovered, the plaintiff is entitled to the costs in each suit.

*Pothier*, *contrat de change*, *No.* 160, says : " Le propriétaire de la lettre de change peut, si

FALL 1812.
I. District.

NUGENT
*vs.*
DELHOMME.

"bon lui semble, intenter en même temps toutes " ses poursuites contre les différens débiteurs qui " en sont tenus. L'action qu'il a intentée con- " tre l'un d'eux, ne l'exclut pas d'intenter celles " qu'il a contre les autres ; mais comme ces dif- " férens débiteurs sont débiteurs envers lui de la " même chose, le payement qui lui est fait par " l'un d'eux, libère d'autant envers lui les autres." See also *Jousse's commentary on the Ord. of* 1673, 61, 2, *Ord. Bilboa, chap.* 14, *no.* 4. The common law having given separate remedies against all the parties to a note or bill, and the civil law considering them as bound *in solido*, and giving the same remedy, it appears to me absurd to say that an action was legally brought against all the parties ; and that by pursuing one of them to judgment, and obtaining satisfaction of that judgment alone, all the others should be discharged from their responsibility for the costs. Such remedy must be considered, in many cases at least, illusory as well as nugatory.

*By the Court.* The plaintiff had a right to bring several actions upon this note : but this right is to be exercised at his peril, as to the costs. Recovery and satisfaction in any of the other actions, would support a plea of satisfaction in this. Payment to the indorser, by any of the parties to the note before trial, is a discharge of the promise. He may have as many actions as there are parties prior to

him, but he can have but one satisfaction—this he has received from Mazange, and therefore cannot maintain his action against Delhomme. This was the opinion of the court in Massachusetts, in the case cited by the defendant.

IN the case of *Austin* vs. *Beneiss*, the claim of the indorser had ripened into a judgment, which the payment reduced *pro tanto ;* the defendant was therefore bound to pay the balance, viz. *the costs.*

ACCORDING to *Pothier*, payment by one of the parties, discharges the other *for so much.*

IT remains to be considered, whether the defendant, being discharged from the amount of the note, may be prosecuted for the *costs.*

COSTS are the *accessories* of the judgment. Accessories follow the principal—like interest, they cannot be sued for, apart from the principal. *Faurie* vs. *Pitot, ante* 83.

VERDICT FOR DEFENDANT.