### William Bantz *v.* H. B. Price—Mark Izod, Intervenor.

Where the plaintiff has recovered a judgment, the proceeding to render his property liable in execu-
tion for costs, is statutory, and the forms of the statute must be strictly pursued, under pain of
nullity.

APPEAL from the District Court of the Parish of Tensas, *Farrar*, J.
L. H. *Reeves*, for plaintiff. H. B. *Shaw*, for intervenor. J. *Aumé*, for de-
fendant and appellant.

BUCHANAN, J. The intervenor, *Izod* having obtained judgment against *Bantz*
for $440, with interest and costs, an execution was subsequently issued by the
Clerk of the Court against *Izod*, for his costs, ($9 20) under which the judgment
was seized and sold. It was bid off at Sheriff sale in January, 1850, for the sum
of eighteen dollars by *Bantz*, the defendant in the judgment, in the name of his
step-son, *Price*, who was not present at the sale, and a deed was made to *Price*.

*Price* now seeks to enforce the judgment, and has seized land of *Bantz* under a *fi. fa.* *Bantz* enjoins the seizure, alleging that he is the true owner of the judgment, having bought it in reality for his own account, although he used the name of *Price* in the purchase.

*Izod* intervenes, and claims that his property in the judgment was never legally divested, because the formalities of law were not complied with ; no detailed bill of costs having been previously made out and demanded, as required by the Act of 1842, p. 440, § 12, and no notice having been given to him of the seizure.

There was judgment for the intervenor against the plaintiff and defendant. The defendant alone has appealed.

It appears from the evidence, that no detailed bill of costs was made out by the Clerk and demanded of *Izod*, previous to the issuance of the execution under which the judgment was sold. But the counsel of appellant contends, upon the authority of the case of *Copley* v. *Edwards*, 5th Annual, 647, that this provision of the Act of 1842 (reënacted in 1855, Rev. Stat. 124,) does not apply to executions issued for costs after judgment rendered.

In *Copley's* case, the judgment had condemned *Copley*, plaintiff, to pay the costs. Of course, the *fi. fa.* issued upon that judgment, as in ordinary cases. But this is a case where the plaintiff recovered his costs by the judgment. The proceeding to render his property liable in execution for costs, is therefore statutory, and the forms of the statute must be strictly pursued, under pain of nullity. We see here an example of a judgment bought in for less than one-twentieth of its nominal amount, by the judgment debtor, upon a sale to make the costs, for which the purchaser was already liable. No stronger case could be presented in favor of the requirement in such sales, of a strict compliance with the legal forms.

There are two letters of defendant, addressed to the intervenor, in evidence, from which it appears that after this injunction was sued out, defendant gave intervenor information of what had taken place, and made propositions to purchase of intervenor his right to the judgment against *Bantz*. This correspondence seems to corroborate the allegation of *Bantz's* petition, that he had purchased at sheriff's sale for himself, and not for *Price*.

Defendant pleads the prescription of five years in bar of this action, under Article 3507 of the Code. That Article is not applicable to this case.

Judgment affirmed, with costs.