## No. 94.

### A. LEVY v. FLASH, LEWIS & CO.

1. Where, in a preceding litigation, plaintiff has judgment for his costs,
he cannot bring another suit therefor.
2. Where, in a previous suit, plaintiff demanded, *generally*, damages as
attorney's fees for an illegal seizure, etc., and the result was adverse to
him, and he now claims damages of the same character, on the ground
that they were incurred since the filing of the petition, and the rendi-
tion of the judgment in the first cause; held, that the first judgment
constituted *res adjudicata*.
3. The action for damages for such a seizure accrues at the moment of the
levy, and is not postponed until the final determination of the litigation
involving its validity.

*Appeal from Sixth District Court.    Rightor, Judge.*

*D. C. & L. L. Labatt* for plaintiff, appellant.

*J. O. Nixon, Jr.*, for defendants.

Henry C. Miller, Esq., member of the Bar, sat in this case,
vice McGloin, judge, recused, having been of counsel in the
case.

MILLER, judge *ad hoc.*—The plaintiff has a judgment for his
costs claimed in his petition.  He can enforce it by execution.
There cannot be a double judgment.

The first suit for damages substantially embraced the causes set forth in the present suit. Counsel fees were demanded in the first suit. The petition in that suit refers to the seizure of plaintiff's property. It avers as the grounds of recovery, that defendants prevented the delivery of his property (money and envelope); that under defendant's instructions, express or implied, the sheriff illegally demanded and obtained possession of the property, and these grounds are amplified in the petition. The allegations of damage is that defendants have violated his rights as a citizen, and have caused loss and damage in lawyer's fees, loss of time, anxiety and outrage to his feelings; and to his rights of property. Contrast these allegations with those in the petition in the present suit, and there is no perceptible difference. The causes of action are essentially the same. The liability for counsel fees, without actual payment at the time the present suit for damages, is brought, is enough to entitle the plaintiff to recover for that item. Thus every item for damages alleged here was at issue, and could have been recovered in the previous suit, the final decree in which is the basis of *res judicata* here.

In our opinion the judgment appealed from is correct, and is, therefore, affirmed.

## APPLICATION FOR REHEARING.

MILLER, Judge *ad hoc.*—There can be no doubt that an action of damages for the wrongful seizure of property arises from the fact of seizure, and not from the judgment establishing, or rather recognizing, the title of the injured party. Edwards *v.* Turner, 6th Robinson, 384, and cases collated in Louque's Digest, p. 495.

Where the ground of an action for damages is a malicious prosecution, the determination of that prosecution is essential to maintain the action; the end of the prosecution must be averred in the petition. This seems to have been the point passed upon in the opinion in the case annexed to the brief for a rehearing. The court in that case (Lawler *v.* Levy,

Supreme Court, lately decided) observes, that on the ground set forth, i. e. the publication in the newspapers of the petition against plaintiff, no action could be maintained until the decision of the suit in which the petition was filed. But it is none the less true, that an action for damages for the wrongful seizure of property does not depend upon the final decision of the litigation as to the title to the property, but arises at the date of the unlawful seizure of that property, and the line of decisions to that effect is not disturbed by anything contained in the decision brought to the notice of the court on the application for the rehearing.

The court, recurring to the petition of the present plaintiff, in his previous suit, the judgment in which is pleaded as *res adjudicata* in this, finds that the causes of action was the wrongful seizure of plaintiff's property. It is insisted by the plaintiff that the suit was based upon a confederation to deprive plaintiff from receiving his correspondence, so that the plaintiff's property might be seized afterwards. What the cause was, must be tested by the allegations in the petition in that cause.

The Court cannot restrict the allegations in that petition, without disregarding the significance of the language used in setting out the cause of action, so as to present as the ground of action only the confederation to intercept plaintiff's correspondence. The petition charges that defendant prevented the delivery of the plaintiff's property; that the sheriff illegally demanded and obtained possession of the property of plaintiff; that Flash, Lewis & Co., defendants in this suit, illegally obtained a writ of attachment, and prevented the delivery to plaintiff of his money and envelope, in the hands of the master of the schooner Anita, for delivery to plaintiff; that the sheriff, acting for Flash, Lewis & Co., illegally obtained possession of said valuables, and proceeded to open petitioner's letters, and to seize a portion thereof. Damages are claimed for lawyer's fees, loss of time, anxiety, outrage to his feelings and to plaintiff's rights of property. These allegations must be

deemed to describe a case of damages for wrongful seizure of plaintiff's property; they cannot be limited to a case of a combination to intercept plaintiff's correspondence.

The Court has given the most careful attention to the petitions in this case in the previous suit. Under our system, the pleadings and the judgment must control in the determination of the exception of *res adjudicata*. It is the judgment of the Court that the issues in this cause were made in the previous case, and have been adjudged against the plaintiff in that suit. The issue in the present suit was between the plaintiff and the present parties joined with others.

The rehearing is refused.