No. 4187

Second Circuit

———

PRICE ET AL. v. TOWN OF RUSTON

———

(January 14, 1932. Opinion and Decree.)
(February 16, 1932. Rehearing Refused.)

———

Argued before DREW, McGREGOR and STEPHENS, JJ.

J. W. Elder, of Ruston, attorney for plaintiffs, appellants.

Barksdale, Warren & Barksdale and Walton E. McBride, of Ruston, attorneys for defendant, appellee.

DREW, J. Plaintiff instituted this suit against the Town of Ruston to recover the sum of $1,769.28, alleged to be due plaintiffs by the defendant for rent on the third story of the Price building, located in the town of Ruston, for a period beginning January 25, 1930, and ending March 5, 1931, at the monthly rental of $125, being the amount alleged by plaintiffs that was lost to them by the illegal possession of said building by defendant.

They alleged that in suit No. 8389, entitled Frank S. Price et als. v. Town of Ruston et al., on the docket of the Third Judicial District Court of Louisiana, the plaintiffs in this suit were recognized as the owners of the third story of the building known as the Price building, and, as such, entitled to the use and possession thereof. That the judgment in that suit bears date of April 9, 1930. It is further alleged that the Town of Ruston took a suspensive appeal from said judgment and that on February 2, ·1931, the Supreme Court of Louisiana affirmed the judgment of the district court (see 171 La. 985, 132 So. 653). They further alleged that said property was sold by the sheriff of Lincoln parish at a forced sale on January 25, 1930, in the suit of Ruston Building & Loan Association v. Ruston Lodge No. 1134, Benevolent & Protective Order of Elks, being No. 8364 on the docket of the Third Judicial District Court of Louisiana, and that at the time and place of the said sale they (the plaintiffs) made a tender of the sum of $3,100 to the sheriff of Lincoln parish and to the Town of Ruston, the successful bidder at said sale, and demanded that the deed be made to plaintiffs, instead of the Town of Ruston, and that the sheriff and the Town of Ruston, through its mayor, refused the tender, and the sheriff illegally executed deed to defendant and delivered possession of the property to it, and that said illegal possession continued until March 5, 1931. That on account of the refusal of the defendant to accept the tender of the amount bid for the property on January 25, 1930, and on account of its illegal possession and use of the property from March 5, 1931, thus depriving plaintiffs of the use and benefit thereof during said period of about fourteen months, plaintiffs are entitled to recover from said defendant a fair rental value on said property from January 25, 1930, to March 5, 1931, which value is alleged to be $125 per month, the amount they claim to have lost, due to the illegal possession and failure to deliver possession by defendant. They further alleged that the Town of Ruston is responsible for all damages done to said property while in the possession of the town, and for said damages they claim $19.28.

Before answering to the merits, the defendant filed a plea of res judicata, which plea was overruled, also an exception of no cause of action, which was overruled; and set out in its answer that the Ruston Building & Loan Association and Ruston Lodge No. 1134, B. P. O. E., were its warrantors in title, and prayed 'that they be cited as warrantors and that in the event

judgment should be rendered against said defendant, it have judgment against said warrantors in solido for a like judgment. The defendants called in warranty filed exceptions of no cause or right of action, which exceptions were sustained by the lower court.

The Town of Ruston in answer admitted its possession of said property from January 25, 1930, until March 5, 1931, but denied that it owed plaintiffs rent thereon in any amount. The town alleged that it acquired said property in good faith at a public sale made by the sheriff of Lincoln parish and that it held possession thereof under an apparently valid deed executed by the sheriff. In reconvention, the defendant claimed the sum of $300 for cost of repairs and improvements made by it on the property while in its possession.

The judgment of the lower court rejected the demands of plaintiffs and also the demands of defendant in reconvention. Plaintiffs have appealed from the judgment of the lower court and defendant has answered the appeal praying that its exception of no cause of action and plea of res judicata be sustained; and in the alternative, that the judgment of the lower court be amended by assessing the costs of court to plaintiffs, except the cost incurred by defendant in proving its reconventional demand. Defendant did not appeal from the judgment of the lower court sustaining the exception of no cause of action to the call in warranty of the Ruston Building & Loan Association and Ruston Lodge No. 1134, B. P. O. E., therefore, we are not justified in passing on the right of defendant to call them in warranty.

The plea of res judicata is not well founded. The original suit, No. 8389 on the docket of the Third Judicial District Court, was one to have plaintiffs declared to have the right to take the property in question upon paying the price paid by the last and highest bidder at a public sale of said property, in accordance with the stipulations in the contract between the seizing debtor and plaintiffs, made at a time prior to when the seizing creditor became a creditor of the seizing debtor. The issues raised in that suit were entirely different from the issues in the present suit, and the issues in the present suit could not have been raised in suit No. 8389. Furthermore, at the time suit No. 8389 was filed, defendant, Town of Ruston, had been in possession under a deed from the sheriff less than twenty-four hours, and certainly no rent was due then; and the damages sustained by plaintiffs at that time were at least nominal.

The thing demanded in this suit is not the same as that in suit No. 8389 and is not founded on the same cause of action. In fact, the cause of action set out in the suit at bar had not arisen at the time suit No. 8389 was filed. The ruling of the lower court in overruling the plea of res judicata is correct. A full discussion of the plea of res judicata is to be found in the case of General Outdoor Advertising Co., Inc., v. Hollander, 9 La. App. 339, 120 So. 490, wherein the cases of State v. American Sugar Refining Co., 108 La. 603, 32 So. 965; Woodcock v. Baldwin, 110 La. 270, 34 So. 440, and numerous other decisions of our court are discussed, all of which hold to the view above expressed. The same doctrine is expressed in Roussel et al. v. Railways Realty Co., 165 La. 536, 115 So. 742, and in a late decision of this court, namely, Mrs. Julia McDonald v. City of Shreveport, 18 La. App. 407, 137 So. 568, and in Krotz, etc., Co. v. Shirk et al., 172 La. 194, 133 So. 442.

The exception of no cause of action is based on the following reasons, as set out in appellee's brief:

"The Price heirs obtained title to the property in question, according to the judgment, when the judgment of the Supreme Court became final and the Clerk paid the Town of Ruston the $3100.00, less the costs of court. According to the allegations of plaintiffs' petition the judgment became final 'on or about the 19th day of February, 1931', and nowhere in the petition, or in the record for that matter, is it alleged or shown when the money was paid to the town.

"Now, this suit is not a petitory action, but simply a damage suit. The first suit referred to was not a petitory action but a suit for specific performance of a contract between the plaintiffs and the Elks Lodge. We submit that an action to recover the rental value of property must be coupled with a petitory action in the first place, and in the second place such a recovery is a penalty to be paid by the bad faith possessor of the title or interest of another. We submit that the Town of Ruston did not possess the title or interest of the Price heirs in bad faith but possessed the property under a valid deed in its favor. It possessed under its own title, the Price heirs had no title, and the result of the first suit was to force the Town to relinquish that title, for a consideration, to the Price heirs. Nowhere in our law is there any foundation or authority for a suit to recover the rental value under the allegations of plaintiffs' petition which does not allege bad faith possession and does not allege a state of facts constituting bad faith possession. * * *

"If these plaintiffs have any further right of action since the termination of the first suit it can only be under Civil Code Article 1926, et seq., which authorizes damages for the breach or in-execution of a contract. But even so, such an action can only be directed against the party breaching or failing to execute that contract, and the Town of Ruston cannot be involved therein because it has had no contractual relations with these plaintiffs. If the contract has been breached, it has been breached by the Elks Lodge who was the only other party to contract, the provisions of which plaintiffs sought and obtained the specific performance.

"Since plaintiffs had no title to the property, and they do not allege that they had title to it, by what right and for what reason are they entitled to recover the rental value thereof? The Town of Ruston had a valid deed to the property and should not be penalized for having insisted on a judicial interpretation of the ambiguous provisions in a contract between plaintiffs and the Elks Lodge, after it had been declared the successful bidder at public sale. Const. art. 1, sec. 6."

The exception was properly overruled by the lower court, and a discussion of the exception necessarily involves a discussion of the merits, so we will discuss them together. The lower court held that defendant was a possessor in good faith under a title translative of property, and therefore not liable for rent during the pendency of the suit filed for specific performance by plaintiffs against defendant. If defendant was in good faith on January 25th, the date of the sale, and on January 27th, the date of the sheriff's deed—which we think he was not—it could not have been in good faith under the jurisprudence of this state after the suit was filed, which was on January 28th. R. C. C., art. 503; Dufour v. Camfranc, 11 Mart. (O. S.) 675; Woodcock v. Baldwin, 110 La. 270, 34 So. 440; Brugere v. Heirs of Slidell, 27 Ann. 70; Pecot v. Prevost, 117 La. 776, 42 So. 263; Moore v. Pitre, 149 La. 910, 90 So. 252.

Defendant contends that rents are due under article 503 of the Revised Civil Code only where the action to recover the property is a petitory action and are not due where the suit was for specific performance. In Cooke v. Gulf Refining Co., 135 La. 609, 65 So. 758, the court held that

article 503, R. C. C., has application to one claiming as owner and not as a lessor, and a suit thereunder referred to is a petitory action, citing Huyghe v. Brinkman, 38 La. Ann. 836, in which case the court, in discussing article 503 of the Revised Civil Code, said:

"We understand that to mean a petitory action, or an action in nullity of the possessor's title. A possessory action cannot accomplish that result."

However, the direct question that is raised in the case before us was passed on by the court in Manning v. Cohen, 124 La. 870, 50 So. 778, holding that the vendee in a suit for specific performance was entitled to recover as damages the amount of rent lost to him during the period when he was entitled to possession.

Plaintiffs were the owners of a legal, binding option from the Ruston Lodge No. 1134, B. P. O. E., to purchase the property, as was held by the Supreme Court of this state in the case of Price et al. v. Town of Ruston et al., supra. The time fixed for the right to exercise the option to purchase was whenever the Ruston Lodge, B. P. O. E., desired to sell. It was held by the Supreme Court that the option was good as to a judicial sale, as well as to a private sale. When the property was sold at judicial sale in the foreclosure of a mortgage against the lodge by the Ruston Building & Loan Association, plaintiffs attempted to exercise their option by making a legal tender to the sheriff and defendant, Town of Ruston, of the amount of said Town of Ruston's bid, namely: $3,100, and demanded that the deed be made to plaintiffs, instead of to the Town of Ruston. Both the sheriff and defendant refused the tender, and the sheriff executed the deed to the Town of Ruston. The sale

was made January 25, 1930; deed passed January 27, 1930, and on January 28, 1930, plaintiffs filed suit demanding title under their right given in the option, and deposited in the registry of the court of Lincoln parish the amount of $3,100. (See Supreme Court decision: Price et al. v. Town of Ruston et al., supra.)

An option has been held to be an unaccepted offer. It states the terms and conditions on which the owner is willing to sell or lease his land, if the holder elects to accept them within the time limit. If the holder does so elect, he must give notice to the other party, and the accepted offer thereon becomes a valid and binding contract. McMillan v. Philadelphia Co., 159 Pa. 142, 28 A. 220.

Our Supreme Court has said that an option is not an actual or existing contract, but merely a right reserved in a subsisting agreement. In a certain sense, an option is a mere pollicitation, a promise without mutuality, not yet ripened into a perfect agreement. It is a proposition by one party to a contract which must be accepted in precise terms by the other, in order that it may be binding upon both parties. Rivers v. Oak Lawn Sugar Co., 52 La. Ann. 762, 27 So. 118; Schleider v. Dielman, 44 La. Ann. 462, 10 So. 934.

When plaintiffs accepted the terms fixed by the option, the contract to sell became complete and binding. It was then a promise to sell that had been accepted and therefore a contract of sale. Moresi v. Burleigh, 170 La. 270, 127 So. 624, and cases cited therein; also 27 R. C. L. 339.

The obligation required of plaintiffs by the option had been fulfilled when they tendered the amount of the highest bidder to the sheriff and the Town of Ruston.

The promise to sell having been fulfilled, the right under the option to buy having been accepted, and the conditions and terms fulfilled, the legal title passed to plaintiffs as of date January 25, 1930. Lehman v. Rice, 118 La. 975, 43 So. 639; R. C. C., art. 2041; Crochet v. McCamant, 116 La. 10, 40 So. 474, 114 Am. St. Rep. 538; Girault v. Feucht, 117 La. 276, 41 So. 572.

The contract which became binding upon the acceptance by plaintiffs under their rights under the option gave to plaintiffs the right as owners to demand specific performance of the obligation to deliver and transfer to them the property in question.

The language in the case of Lehman v. Rice, cited supra, is applicable to this case. In the case at bar the defendant was bound to take notice that plaintiffs had the legal right to enforce specific performance of the promise of Ruston Lodge, B. P. O. E. A contrary doctrine would render all options or promises to sell real estate nugatory as to third persons. Defendant purchased subject to the prior recorded right of plaintiffs to have the property conveyed to them on their complying with the conditions of the agreement. Plaintiffs complied with the conditions of the agreement before deed was passed from the sheriff to defendant, and defendant's deed, in so far as plaintiffs were concerned, was without effect; and when plaintiffs were declared the owners of the property by the Supreme Court of this state, their ownership dated back to the time of the acceptance and tender of the price to defendant and the sheriff. Therefore, the rent claimed by plaintiffs is for a term when the ownership of the property was in them, and they are entitled to recover as damages the amount of rent lost by them during the period they were deprived of their rightful possession by defendant.

The proof of the rental value or value of rent lost by plaintiffs, as disclosed by the record, is very unsatisfactory and is not sufficient upon which to fix the value and amounts due plaintiffs, and, due to the fact that the lower court held plaintiffs were not entitled to a rental value of the property illegally possessed by defendant for nearly fourteen months, we believe that justice will be done in non-suiting the demands of plaintiffs. Defendant has not appealed from the judgment rejecting its reconventional demand, therefore we cannot disturb the judgment of the lower court thereon. Defendant in answer to the appeal prays that the judgment for costs to be paid half and half by plaintiffs and defendant be amended. We find that defendant would ordinarily be bound for the cost incurred on its reconventional demand, its exception of no cause of action and plea of res judicata, and its call in warranty of the Ruston Lodge No. 1134, B. P. O. E., and the Ruston Building & Loan Association, and that plaintiffs would ordinarily be bound for costs on their original demand. We realize the difficulty in splitting the costs, as prayed for by defendant, and believe an equitable distribution of the cost burden has been fixed by the lower court, and we will not disturb the judgment in that respect.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court wherein it rejected the demands of plaintiffs, be reversed, and that plaintiffs' demands now be rejected, as of non-suit; and in all other respects that the judgment be affirmed.