## PRICE et al. v. TOWN OF RUSTON.*
### No. 4537.

Court of Appeal of Louisiana. Second Circuit.
June 5, 1933.

Barksdale, Warren & Barksdale, of Ruston, for appellant.

Elder & Elder, of Ruston, for appellees.

TALIAFERRO, Judge.

This suit presents practically the same issues involved in the suit between the same parties, No. 4187 on the docket of this court, decided by us on the 14th day of January, 1932, and reported in 19 La. App. 356, 139 So. 55. In that suit plaintiffs were nonsuited on appeal on their principal demand, viz., rental value of the third story of the "Price" building in the town of Ruston, from January 25, 1930, until April 1, 1931, a period of practically fourteen months, at $125 per month, because it was found by the court that the evidence did not establish what the fair rental value of said property was during said period.

The present suit is for the same amount of "rent" as was sought in the former suit, which we shall hereafter refer to as No. 4187, and for the following additional amounts:

1. $19.28 expended on repairing said property, necessitated by abuse of it while in defendant's possession;

2. $31.27, one-half of costs incurred in lower court in previous suit adjudged to be paid by defendant;

3. $5, costs paid by plaintiff in Court of Appeal in suit No. 4187.

Plaintiffs' petition is lengthy. It accurate-

---

ly summarizes the history of the litigation between these parties, culminating in the present suit, including the suit for specific performance finally adjudicated by the Supreme Court. 171 La. 985, 986, 132 So. 653. For the sake of brevity, we will only mention the high points of this judicial history as a preface to this opinion:

In the year 1910, Mrs. Arilla A. Price, the owner of a well-located lot in the business section of Ruston, decided to erect a two-story commercial building thereon. The Ruston Lodge No. 1134 of the Benevolent and Protective Order of Elks desired, at their expense, to erect a third story on Mrs. Price's building, and an agreement was reached between them on the proposition. To protect herself against the possibility of the third story getting into the hands of irresponsible and careless persons, there was incorporated in the contract between her and the Elks Lodge an option or preference right in her favor to purchase the third story in the event the Lodge should desire to sell it. Mrs. Price died after the building was completed, leaving by last will and testament all her property to her husband who, before any of this litigation arose, also died. Plaintiffs are his sole heirs.

The Elks Lodge gave a mortgage on their part of the building to the Ruston Building & Loan Association. This mortgage was foreclosed, and at sheriff's sale on January 25, 1930, defendant, the town of Ruston, became the purchaser at the price of $3,100. Plaintiffs were represented at the sale and immediately took the necessary steps to avail themselves of the preference right or option in favor of Mrs. Price in her contract with the Lodge above referred to, and tendered to the town and to the sheriff of Lincoln parish $3,100 in cash, and requested that deed of the property be made to them. This was refused, and immediately thereafter the suit for specific performance was instituted by plaintiffs against the town, to whom the sheriff had made deed. This suit was won by plaintiffs in the lower court and in the Supreme Court. 171 La. 985, 986, 132 So. 653. Possession of the property was delivered to plaintiffs on March 5, 1931. Plaintiffs then instituted suit No. 4187 against the town of Ruston to recover a fair rental for the use of the property for the time it was in defendant's possession, being the time the suit for specific performance was in the courts and to March 5, 1931, when it was delivered to plaintiffs. Defendant, after filing certain exceptions and pleas, which were overruled, answered. The source of its title to the property, viz., sheriff's sale in the foreclosure suit of the Building & Loan Association v. Ruston Lodge No. 1134 B. P. O. E., is alleged upon, and plaintiff and defendant in that foreclosure suit were called in warranty by the town, under order of the court. Both of these alleged warrantors excepted to the call in warranty served upon them on the ground and for the reason that it disclosed no cause or right of action against them. Both exceptions were sustained. On the merits there was judgment rejecting the demands of plaintiffs and the reconventional demand of defendant, casting each side for one-half the costs. Plaintiffs appealed to this court. The judgment of the district court was affirmed in all respects save as to the claim for rent and as to this there was judgment of nonsuit. 19 La. App. 356, 139 So. 55, 57.

We have detailed the pleas filed and actions taken by the parties and rulings of the court in suit No. 4187, because it was necessary to do so on account of their relation to and bearing upon like or similar pleas, etc., filed and passed on in the case at bar.

In the present case defendant filed a plea of res judicata. It is alleged in this plea that the "rights and equities between the parties hereto with respect to the relief sought," particularly the prayer for judgment for amount paid out as costs of court in the former suit, have been adjudicated in said suit No. 4187. This plea was overruled. Exceptions of no right and no cause of action were filed and also overruled. Defendant then answered. It is admitted therein that delivery of the third story of the Price building to plaintiffs was made immediately after the Supreme Court decided they were the owners thereof, upon payment of the sum of $3,100, being the price paid for same by defendant at sheriff's sale; but it is specially denied that plaintiffs deposited said price in the registry of the court, as by them alleged, after tender of same had been refused by defendant. But it is averred they retained the amount in their possession while the appeal was pending in the Supreme Court and paid no interest thereon during said time; that plaintiffs were not entitled to possession of said premises under the judgment of the Supreme Court until said money was paid over to defendant; that said third story was not occupied by it during the appeal to the Supreme Court, nor was it rented, and no income whatever was derived therefrom; that said premises were held by it pending said appeal because to have surrendered possession thereof would have been an acquiescence in the judgment of the district court appealed from.

Defendant further alleged that it acquired said property in good faith at public sale by the sheriff of Lincoln parish in foreclosure suit of Ruston Building & Loan Association v. Ruston Lodge No. 1134 of the B. P. O. E., and held possession thereof under an apparently valid deed executed by said sheriff in pursuance of writ of seizure and sale in said suit, and that said building and loan association and said Elks Lodge are warrantors of defendant's title and right of possession, and

that in event any judgment should be rendered against said defendant, it should recover like judgment against said warrantors in solido. The alleged warrantors, under order of court, were cited as such and served. Both filed pleas of res judicata, basing such pleas upon the judgment of the district court in the first suit for rent. These pleas were sustained by the court and the calls in warranty dismissed. Separate judgments were signed.

The case was tried on the merits on the issues tendered by petition and answer, and the lower court, in keeping with the holdings of this court in case No. 4187, gave plaintiffs judgment for the amounts sued for, excepting the amount claimed for repairs. Defendant suspensively appealed from this judgment and devolutively appealed from all other decrees and orders in the case, interlocutory or final.

In this court the building and loan association and the Elks Lodge filed exceptions of no right and no cause of action to the attempt by defendant to call them in warranty.

### Defendant's Plea of Res Judicata.

This plea is primarily directed against plaintiffs' effort to recover judgment for the costs paid by them in suit No. 4187, incurred in this and the lower court. The total of the costs of that suit in the district court was $62.55. Each side was cast for half of the amount. Plaintiffs advanced $5 to lodge appeal in that case in this court. Essentially they won the case on appeal, but our decree does not fix liability for costs in this court. It is silent on the subject. Under section 2 of Act No. 229 of 1910, these costs could have been assessed against either party to the suit, or divided, as was done with the costs incurred in the district court. Defendant contends that both items of costs have been finally adjudicated by the courts and liability therefor fixed by the decrees disposing of the case, and that such costs must be taxed and collected in the case and in the court wherein they were incurred. We think this position correct, as far as the district court costs are concerned, and that it is sustained by reason and authority.

In cases of nonsuit, article 536 of the Code of Practice provides that the judgment cannot be pleaded in bar of a second suit for the same cause of action, "provided the plaintiff show that he has paid the costs of the first suit." In paying defendant's half of the costs of the first suit in the lower court, plaintiffs were probably following the language of this article literally out of an abundance of caution. However, we think the above-quoted part of this law refers only to the costs of the first suit for which the plaintiff has been cast. It does not seem reasonable that the costs for which your adversary in the litigation is decreed responsible should be paid by you before you are in a position to file and prosecute a second suit for the same cause of action, and especially should this be true where no question of the solvency of your opponent has been raised. So far as the costs of the appeal are concerned, liability for such has not been fixed definitely by decree. Aside from these considerations, plaintiffs' recourse for recovery of costs paid by them for which defendant has been cast, is provided for in special laws on the question. Act No. 203 of 1898, § 5; Revised Statutes, § 750; articles 549, 552, Code of Practice; ·Crespo v. Viola, 152 La. 1088, 95 So. 256; Bantz v. Price, 14 La. Ann. 191.

"Where, in a preceding litigation, plaintiff has judgment for his costs, he cannot bring another suit therefor." Levy v. Flash, 1 McGloin, 124.

"Costs are the accessories of the judgment. Accessories follow the principal; like interest, they cannot be sued·for, apart from the principal." Nugent v. Delhomme, 2 Mart. (O. S.) 307, 313.

In Casey v. H. Abraham & Son, 113 La. 581, 37 So. 484, the syllabus of the court on this point reads:

"The costs for which a party cast in a suit is liable cannot be liquidated and recovered in a direct action brought against him in the district court of his residence. They must be taxed in the original suit in the course of which they were incurred, and enforced through the court in which the suit was brought."

In brief and oral argument defendant has limited discussion in support of its plea of res judicata to the cost items sued for. If the plea was originally intended to cover more ground, such intention has been abandoned.

The action of the lower court overruling this plea was erroneous.

### Defendant's Exception of No Cause and No Right of Action.

These exceptions are based upon the same premises as were like exceptions filed in suit No. 4187. We held that the exceptions were not well founded. Additional argument of counsel and consideration by us have not served to change our original opinion thereof. We refer to our reasons, given in the prior suit, 19 La. App. page 359, for sustaining the lower court in overruling the present exceptions.

### Warrantor's Pleas of Res Judicata.

As stated heretofore, in suit No. 4187, the district court sustained exceptions of no cause and no right of action filed by the warrantors to defendant's right to call them in warranty. We held in that case that defendant had not appealed from the judgments of the lower court sustaining the ex-

ceptions filed by the warrantors by use of the following language:

"* * * Defendant did not appeal from the judgment of the lower court sustaining the exception of no cause of action to the call in warranty of the Ruston Building & Loan Association and Ruston Lodge No. 1134, B. P. O. E.; therefore we are not justified in passing on the right of defendant to call them in warranty."

Defendant now contends, as it did in its application for rehearing in case No. 4187, that the ruling of the trial court on the warrantor's exceptions was before us when the case was considered by us on its merits, and further that the judgment of nonsuit restored matters to the status they were in, so far as these warrantors are concerned, before the suit was filed.

Whether defendant's contention on this score is right or wrong, there is now a final judgment on the exceptions. If the ruling of the lower court was before this court on appeal, then our decree affirming the judgment of the lower court, save in so far as it was definitely reversed, approved the lower court's ruling on the exceptions. If the rulings on the exceptions were not before us on appeal, then the lower court's actions, which were reduced to judgment and signed by the judge, have long ago become final.

In this connection, it is necessary to determine whether the nonsuit of plaintiffs' demands against defendant on the sole question of rental value of the third story of the Price building, operated as a nonsuit of defendant's call in warranty, which had previously been dismissed by the trial court, and effaced from the record all that had been done concerning same. We do not think such a result followed the judgment of nonsuit. That judgment definitely restricted its effect to plaintiffs' demand for rent. The question of rent or rental value of the property in question concerns plaintiffs and defendant only. So far as concerns the relation of defendant and his alleged warrantors, plaintiffs are entirely without the picture. The call in warranty, while made possible by, and was in fact precipitated by, the main suit, yet was entirely independent, in its nature and ultimate results, from it. The court's action affecting the relative rights of defendant and its alleged warrantors could have no material bearing upon the original suit, which could be prosecuted, abandoned, or nonsuited without reference to the warranty call. The first issue to be considered and determined in a call in warranty is whether, under the facts alleged, any warranty obligation exists—whether, under the circumstances and facts of the case as alleged, the person cited and served as warrantor is in fact such within the meaning of the law. That question presents a clear-cut issue as between a defendant and the person called in warranty.

If it is determined by a decree of court that no such relation exists between the parties, it seems to us that would be a definitive judgment on the question, certainly it adjudicates the main issue between the parties.

In the first suit, as is being done in the second, now before us, defendant contended that under article 711 of the Code of Practice, and article 2621 of the Civil Code, the building and loan association and the Elks Lodge, creditor and debtor in the foreclosure suit in which defendant purchased said third story, are warrantors of the title thereto and should be required to defend that title and be held in judgment for the same liability defendant is condemned for. These record facts were fully disclosed in defendant's answer and call in warranty in the first suit, and in the second suit the allegations of defendant's answer in this regard are identical with those of the first. If no cause or right of action reposed in defendant as warrantee against the creditor and debtor at the sale at which the property was acquired, when first suit was filed, then certainly no such right is vested in it now, because the status of affairs between them now is the same as it was from the beginning.

Article 2286 of the Revised Civil Code reads:

"Judgments—When res judicata.—The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

Applying the facts necessarily involved in a decision of the merits of the pleas of res judicata to this article, we find: (1) That the "thing" defendant demands of the warrantors in this case is the same as was demanded of them in the former case, viz., that they be condemned in its favor for whatever judgment plaintiff should recover; (2) that the alleged cause of action in both cases is the same; (3) that the parties are the same; and (4) their quality is the same.

In Ducros v. St. Bernard Cypress Co., Ltd., 164 La. 787, 114 So. 654, 656, the court, dealing with a question similar to the one being discussed, said:

"A judgment sustaining an exception of no cause of action will support a plea of res adjudicata in a second suit between the same parties for the same relief, when, for instance, it appears that in the suit in which the exception is sustained the plaintiff has alleged all the facts which he may legitimately plead, and when, notwithstanding this, the facts alleged will not, upon proof thereof, entitle him to judgment. Baker v. Frellsen, 32 La. Ann. 822; Sewell v. Scott, 35 La. Ann. 553; Laenger v. Laenger, 138 La. 532, 70 So. 501."

In addition to the requirements of the above-quoted article of the Code, a judgment, to have the force of the thing adjudged, must be "definitive" in nature and effect, by which is meant that it must decide all the points in controversy between the parties. Code Prac., art. 539. As stated above, the first and main point at issue between defendant and the persons he sought to call in warranty was whether there existed| as between them the obligation of warranty. When it was decided on defendant's own showing that no such obligation existed, "all the points in controversy between the parties," as required by article 539 of the Code of Practice, had been decided, and such decision (judgment) was definitive or final.

We hold that the pleas of res judicata were properly sustained by the lower court, and think it unnecessary to pass on the exceptions of no cause of action and no right of action filed by the warrantors in this court.

### The Merits.

The lower court found and held that the evidence established that a fair rental value for the third story of the "Price" building from January 25, 1930, to March 5, 1931, was $100 per month. We will discuss the evidence on this point.

It is shown that during said period the ground floor, used for mercantile establishments, yielded $165 per month and that the second floor yielded $150 per month.

Mr. G. A. Adams estimated the third story to be worth $115 per month for said period. He owned and rented, at different times, several pieces of business property in Ruston and had lived there since 1903.

Dr. B. H. Talbot, who had lived in Ruston 18 years, and was fairly well acquainted with real estate rental values of the town, thought a minimum rental of $100 per month and a maximum of $125 per month for the property for said period would be right.

R. Krousel has lived in Ruston for 24 years, and is engaged in mercantile business in the lower floor of the Price building. He has not owned any property in the business district of the town, but is well acquainted with such. He thought $125 per month fair rental for the third story for the time mentioned.

Mr. Frank S. Price, one of the plaintiffs, did not testify on the question of rental of the property in the last trial, but did so on first trial, which is part of the present record. He fixed the rental value of the story for the period named at from $125 to $150 per month.

Mr. B. Hudson Rainwater, a realtor of Ruston, had sold many pieces of real estate there, but none in the business district. He did not think there was any demand for property of the class as the third story of the Price building, and would not fix any value on it for rental purposes; thought it only useful for banquets, parties, and such gatherings. He admitted it had been frequently used for public and private dances and club meetings.

Mr. L. K. Brooks, a licensed realtor, who operated at Ruston, was well acquainted with the property, and testified he knew of no demand to rent such property, and would not fix a rental value on it while in the town's possession. He was positive that "demands make a price." He did not think it possible to get as much as $100 per month rent for this story.

Nearly all these witnesses agree that several factors enter into the question of rental value of any property, such as its location, accessibility, economic conditions of the country generally.

The town received no revenue from the property while it had possession of it. Clubs met there, dances were held in it, and, generally, it seems to have been used quite often for such gatherings. While claimed and possessed by defendant, no one offered to rent it, because, it is safe to say, no one thought it could be rented from the town. Most assuredly, the use of this story of the building for 13 months and 8 days was worth something. The only positive evidence on the question was given by one of the plaintiffs and three witnesses who testified for plaintiffs. Their estimates range from $100 to $150 per month. Defendant attacks the competency of the evidence given by these witnesses, but their experience and knowledge of real estate values and of rental property in Ruston, supported by long residence there, certainly qualifies them to give evidence thereon. Their testimony unquestionably made out a prima facie case for plaintiffs which was not overcome by defendant. The trial judgment took the lowest estimate as his guide. We do not think we would be justified in doing otherwise.

The right of plaintiffs to recover the rental value of this property for the period it was in litigation was raised in the first suit between these parties and again in this suit. We do not think that question now debatable. Our former opinion, which was approved, inferentially at least, by the Supreme Court when it declined to review the case, definitely held that that right was vested in plaintiffs. We think Manning v. Cohen, 124 La. 869, 50 So. 778, authority for this doctrine.

It appears that plaintiffs did not actually deposit in the registry of the court the $3,100 tendered to the sheriff of Lincoln parish and the town of Ruston on January 25, 1930, but did deposit a check for that amount which was held by the clerk, no presentment of it for payment being made, until March 5, 1931, when possession of the property was delivered to plaintiffs. During the period the

property was in litigation and in defendant's possession, plaintiffs had the use of the $3,100. In such circumstances and in view of the fact that plaintiffs are recovering rent on the building for said period, we think it doing no more than required by equity to charge them with legal interest on said amount for the same period rent is charged to defendant. Defendant has not specifically prayed for such action on our part, but under its prayer for "general relief," this may be done. This was done by the Supreme Court in Manning v. Cohen, supra, the syllabus on the question reading as follows:

"Where, in a vendee's suit for specific performance, it appeared that on the vendor's refusal to perform the vendee retained the cash payment, he was entitled to recover as damages the amount of rents lost to him during the period when he was entitled to possession under the contract, less the interest on the payment retained."

For the reasons assigned, the judgment appealed from is amended by reducing the amount thereof to $1,326.66, with 5 per cent. per annum interest thereon from March 10, 1931, until paid, less credit for an amount equal to 5 per cent. per annum interest on the $3,100 from January 25, 1930, to March 5, 1931, and as thus amended said judgment is affirmed. Plaintiffs are cast for costs of appeal.