## PRICE et al. v. TOWN OF RUSTON.*
### No. 4537.

Court of Appeal of Louisiana. Second
Circuit.
Dec. 1, 1933.

For former opinion, see 148 So. 512.

Barksdale, Warren & Barksdale, of Ruston,
for appellant.

Elder & Elder, of Ruston, for appellees.

TALIAFERRO, Judge.

The scope of the rehearing granted herein was restricted to the question of the rental value, or value of the use, of the third story of the Price building in the town of Ruston for the time it was in the town's possession while a suit involving the ownership of the story was pending in the courts. 148 So. 512.

We are now quite clear that we did not give sufficient weight to the evidence of the realtors who testified in the case, especially so in view of the character and location of this property. This story was designed and constructed purely for lodge purposes. To be of use for office purposes, its interior would have to be completely rearranged at considerable expense; and, when this is done, the fact that it is not serviced by elevator would affect its desirability for office quarters. These realtors hesitated, in fact declined, to state what the rental value of the hall was worth during the period mentioned, as there was no rent demand for that character of property. The fact that the lower story yielded rent of $165 per month and that the second story brought $150 monthly does not argue strongly in support of, and is not convincing of, the contention that the third story is worth as much as $100 per month as an assembling place for lodge members, or as a hall for pleasure and recreation of those seeking such, or for any other purpose.

In considering this question, what amount constitutes a fair and reasonable return on the investment is a factor to be weighed. Plaintiffs paid $3,100 for the story. The carrying charges should not be great, as they owned the two lower stories. An annual gross return of $1,200 on this investment would certainly not be expected, and would, in its nature, be most exceptional for an investment of this kind and nature. As said by us in our original judgment, plaintiffs are entitled to some amount for the deprivation of the use and possession of the hall while its title was in litigation. We have decided that $50 per month would be fair.

For the reasons herein assigned, our former decree herein, which awarded judgment to plaintiffs for $1,326.66, is amended by reducing this amount to $663.33, and, as thus amended, our said decree is now reinstated and made the final judgment of the court.