493 So.2d 904 (1986)
William Charles FONTENOT and Brenda Lynn Fontenot, Plaintiffs-Appellants,
v.
WASTE MANAGEMENT OF LAKE CHARLES, INC., Defendant-Appellee.
No. 85-968.
Court of Appeal of Louisiana, Third Circuit.
September 4, 1986.
*905 Daniel K. Rester of Camp, Carmouche, Barsh, Gray, Hoffman & Gill, Baton Rouge, for plaintiffs-appellants.
Godwin, Painter, Roddy, Lorenzi & Watson, Fred R. Godwin, Lake Charles, for defendant-appellee.
Before STOKER, KNOLL and KING, JJ.
KNOLL, Judge.
William and Brenda Fontenot (hereafter Fontenots) appeal the dismissal of their claim for breach of contract and damages against Waste Management of Lake Charles, Inc. (hereafter Waste Management) on a motion for summary judgment. The Fontenots claimed that Waste Management failed to lease a landfill site from them causing them damages for loss of future income, decreased land value and expenses for developing the landfill site. Waste Management filed a peremptory exception of no right of action and a motion for summary judgment, both premised on the fact that Waste Management had not exercised its option to lease the land from the Fontenots. The trial court ruled that Waste Management never exercised the option to lease the landfill site granted by the Fontenots, therefore, the Fontenots were not entitled to damages. The Fontenots assign as error that the trial court erred: (1) in granting Waste Management's motion for summary judgment prior to its answering interrogatories and a request for the production of documents propounded by the Fontenots, and without a trial on the merits to interpret the option agreement; and (2) in failing to find the Fontenots third party beneficiaries to Waste Management's contract with the City of Lake Charles (hereafter City). Waste Management filed another peremptory exception of no right of action in this court contending the Fontenots are not third party beneficiaries under the contract between the City and Waste Management. We affirm the judgment of the trial court and further sustain Waste Management's exception filed in this court, finding the Fontenots were not third party beneficiaries to the City contract.

FACTS
On February 29, 1984, the City granted Waste Management a sanitary disposal contract for the city's solid disposable wastes. On March 6, 1984, the Fontenots entered into an agreement whereby they granted Waste Management an exclusive option to lease 103 acres in Calcasieu Parish (hereafter Waterloop property) for a sanitary landfill to service the Waste Management contract with the City. The option agreement contains the following provisions for consideration and term:

*906 "I. OPTION TO LEASE
A. OPTION CONSIDERATION: In consideration of the sum of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS, to be paid as set forth ... herein, the Lessor [Fontenots] does hereby grant to the Lessee [Waste Management] the exclusive option to lease the property described ... herein, ... under the terms and conditions set forth in the Agreement.
B. TERM OF OPTION: This option shall expire at 5:00 p.m. Central Standard Time on March 31, 1984, unless extended pursuant to the provisions of Subsection I.C. herein.
C. EXTENSIONS OF OPTION: On or before the original expiration date, or any extensions thereof, Lessee [Waste Management] shall have the right to extend this option on a month to month basis for four (4) additional months for further option payments of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS per month, as set forth in Subsection I.D. herein, to the Lessor or his assigns. Upon payment of the total sum of TWENTY-FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS, the total option consideration will have been fully paid and this option to lease will remain continuously open and in full force and effect without any further option consideration to be paid for so long thereafter as Lessee [Waste Management] diligently pursues permits, rezoning and licensing for a sanitary landfilling operation on the premises as herein contemplated, unless earlier terminated as provided herein. Lessee [Waste Management] agrees that upon Lessee's [Waste Management] securing all permits and approvals it deems necessary to construct, operate and maintain the Sanitary Landfill at the premises in accordance with Lessee's [Waste Management] engineering and operating plans for said development, that it will exercise this option." (Emphasis added.)
Waste Management paid the Fontenots $25,000 to keep the option continuously open as provided for hereinabove.
Although the Waterloop property was successfully rezoned on August 6, 1984, through the efforts of Waste Management and the Fontenots, Waste Management notified the City in writing on February 6, 1985, that it would not exercise its option on the Waterloop property because of its inability to secure the permits necessary to license the site as a sanitary landfill. In accordance with the provisions of the option agreement Waste Management forwarded the Fontenots a letter notifying them of its decision not to exercise the option. The following month the Fontenots filed this lawsuit.

SUMMARY JUDGMENT
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977). Any doubt is resolved against the granting of summary judgment and in favor of trial on the merits. Employers' Surplus Line Ins. Co., supra.
In addressing the issues raised by the Fontenots concerning the summary judgment, we find the provisions recited above and the following provisions of the agreement pertinent:
"At any time prior to the expiration of the option period (whether initial or extended), the Lessee, subject to the provisions of Subsection I.C., may exercise this option to lease by sending written notice to the Lessor [the Fontenots] by certified mail, return receipt requested, to the address designated in Subsection III.H. herein. This option shall be deemed exercised when it is deposited in the United States Mail. If this option is *907 exercised, this Agreement shall become a legally binding lease agreement between Lessor and Lessee under the terms and conditions set forth in Sections II and III...." (Section I.E.) (Emphasis added.)
"Lessor hereby authorizes Lessee, at Lessee's expense, to apply for and attempt to secure such zoning classification and other governmental permits as may be necessary to permit Lessee to construct and operate a Sanitary Landfill upon the premises in accordance with such site engineering and operating plans as Lessee shall determine. (Such zoning classification and other permits are herein collectively called `said permits'.) Such applications may be in Lessee's name or Lessor's name, or both, as may be appropriate, and Lessor agrees to cooperate fully and in good faith in this regard. Lessee shall act promptly and proceed with reasonable diligence in applying for and attempting to secure said permits.
In the event that said permits are not forthcoming or are rejected or denied by the persons or agencies having jurisdiction or control thereof, then Lessee shall have the right, but not the obligation, to take such further and continuing action or commence such further proceedings to secure said permits as it may elect; provided only that at every stage thereof, Lessee shall act promptly and proceed with reasonable diligence; and provided further that in the event that Lessee elects not to proceed further to attempt to obtain said permits and so notifies the Lessor in writing, either party shall have the right to cancel and terminate this Lease, without obligation for further payment of rent or other obligations." (Section III.C.) (Emphasis added.)
It is undisputed that Waste Management never exercised its option to lease the Waterloop property. No other material fact is questioned. The question then becomes whether Waste Management is entitled to judgment as a matter of law.
The Fontenots argue that the trial court should not have ruled on Waste Management's motion for summary judgment until Waste Management answered the Fontenots' interrogatories. The record is silent as to any objection by the Fontenots to the trial court's consideration of the motion for summary judgment before Waste Management responded to the various discovery requests filed by the Fontenots. Since the Fontenots failed to object, we find that they waived any objection which they may have had to the trial court's consideration of the motion for summary judgment prior to Waste Management answering the interrogatories. Cf. Donnie Derouen Elec. Service v. McKay, 406 So.2d 734 (La.App. 3rd Cir. 1981), which held that the premature filing of a motion for summary judgment is waived unless timely objected to.
The Fontenots next urge that a trial was necessary to determine the parties' intent to the contract. Particularly, they contend that the contract was more than a "pure option" agreement.
Louisiana contracts are to be interpreted in light of the common intent of the parties and in light of all of the provisions, so that each provision is given the meaning suggested by the contract as a whole. LSA-C.C. Arts. 2045 and 2050. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. Art. 2046; Pogo Producing Co. v. Sea Robin Pipeline Co., 493 So.2d 909 (La.App. 3rd Cir.1986).
An option contract is an agreement by which one party binds itself to perform a certain act, usually to lease or transfer property, for a stipulated price within a designated time, leaving it to the discretion of the party in whose favor the option is given to accept under the specified terms. Rogers v. Metrailer, 432 So.2d 390 (La. App. 1st Cir.1983); Price v. Town of Ruston, 19 La.App. 356, 139 So. 55 (2nd Cir. 1932).
*908 Although the agreement at issue is replete with option language and a detailed procedure for exercise of the option, the Fontenots contend the agreement bound Waste Management to lease the Waterloop property. We disagree. A reading of the entire agreement clearly reflects that only if all permits and requisite approvals were obtained would Waste Management then lease the Waterloop property. To read the agreement at issue otherwise would render the option language of Section I and III meaningless, and would negate the consideration for which Waste Management paid $25,000 to extend the option period.
In further argument, the Fontenots contend that Waste Management failed to diligently seek permits necessary to operate the Waterloop property as a landfill. Assuming arguendo, that Waste Management did not diligently pursue the needed permits, the effect of this failure, as provided in Section I.C., was the termination of the option in favor of Waste Management. Therefore, the question of damages raised by the Fontenots would not be reachedWaste Management would have simply lost its right to exercise its option to lease the Waterloop property.
It is clear that Waste Management never unconditionally obligated itself to exercise the option to lease. The record supports that there is no error in the trial court's ruling on the motion for summary judgment.

THIRD PARTY BENEFICIARY
The Fontenots further contend that they were third party beneficiaries to the February 29, 1984, agreement between the City and Waste Management. They argue that: their pleadings raised the issue of their being third party beneficiaries; that Waste Management's motion for summary judgment did not address this issue; that the trial court's reasons for judgment are silent regarding this question; and that the judgment granting summary judgment fails to rule upon this issue. Waste Management urges that even if the summary judgment did not rule upon this issue, the Fontenots have no right of action as third party beneficiaries; accordingly, in an abundance of precaution, it filed a peremptory exception of no right of action in this court.
A contracting party may stipulate a benefit for a third person called a third party beneficiary. LSA-C.C. Art. 1978 (which made no change in former LSA-C.C. Arts. 1890 and 1902 of 1870). The factors to be considered in deciding whether an advantage for a third person has been provided by contract between others are: (1) the existence of a legal relationship between the promisee and the third person involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; and (2) the existence of a factual relationship between the promisee and a third person, where (a) there is a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promisor will protect the former, (b) which secures an advantage for the third person may beneficially affect the promisee in a material way, and (c) where there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended. Andrepont v. Acadia Drilling Co., 255 La. 347, 231 So.2d 347 (1969). Additionally, the benefit in favor of the third party may not be merely incidental to the agreement in question. State v. Joint Com'n on Accreditation of Hosps., 470 So.2d 169 (La.App. 2nd Cir.1985); HMC Management Corporation v. New Orleans Basketball Club, 375 So.2d 700 (La.App. 4th Cir.1979), writ denied, 378 So.2d 1384; 379 So.2d 11 (La. 1980).
A review of the Fontenots' pleadings and their counter-affidavit address their reliance on Waste Management's contract with the City. Nonetheless, we conclude the Fontenots' reliance on their alleged third party beneficiary relationship is misplaced. It was never a condition or consideration of the contract between the City and Waste Management to confer a benefit on the Fontenots. Especially persuasive is paragraph 2.02 of the City's agreement with Waste Management which provides for an alternative site as follows:

*909 "In the event Contractor [Waste Management] is unable to secure necessary zoning and permits to construct and operate the Disposal Site [the Waterloop property], Contractor will use its best efforts to secure zoning, permitting and development of a comparable alternate Disposal Site."
It is clear that the City's consideration was to obtain disposal of solid wastes and Waste Management wanted the City's waste disposal business; to further that consideration the City found the Waterloop property acceptable but it was prepared to accept a comparable alternate location. Accordingly, although the Fontenots would have incidentally benefitted if their property would have become the disposal site, we find no merit to the Fontenots' argument that they were third party beneficiaries. Therefore we sustain Waste Management's exception of no right of action, and hold that the Fontenots were not third party beneficiaries to the City contract with Waste Management.
For the foregoing reasons, the judgment of the trial court is affirmed, and Waste Management's peremptory exception of no right of action filed in this court is sustained. Costs of this appeal are assessed to the Fontenots.
AFFIRMED.