GEORGE D. FIELDS *v.* HIS CREDITORS.

| | |
|---|---|
| 11 | 545 |
| 49 | 1635 |
| 11 | 545 |
| 110 | 625 |

Articles 880 and 890 C. P. contemplate an amendment of the judgment in favor of the appellee, under an answer, only as against the appellant, and not as between one appellee and his co-appellees. If either of the appellees is dissatisfied with the judgment, he should appeal against his co-appellee.

| | |
|---|---|
| 11 | 545 |
| f118 | 591 |

Legal charges and wages of the captain and crew of a vessel are superior in rank of privilege to the claim for repairs of the boat. C. C., Art. 3204.

| | |
|---|---|
| 11 | 545 |
| f124 | 111 |

A contractor with the owner of a boat for its repairs, after repairing it, voluntarily delivered it to the Syndic of the owner who since the contract had gone into insolvency. *Held*, that this was an abandonment of the contractor's right to detain the boat until the debt due for repairs should be paid, and that he must look to his privilege alone.

C. C. 3204, C. P. 888, 890.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.

*T. Gilmore*, for appellants. *Cox & Breaux*, for the insolvent. *Hennen, Ogden, Waples & Waples, Ivy* and *Collins & Wooldridge*, for opponents.

MERRICK, C. J. Shortly before the surrender of *Geo. D. Field*, he placed the steam towboat *Fashion*, then owned by himself, in the hands of *Hyde & McKie* to be repaired. While the boat was in their hands, he made a surrender of his property to his creditors, the only asset surrendered being the steamboat.

*Hyde* was appointed Syndic, and the boat was sold for cash. His partner, *McKie* became the purchaser, the price of the boat ($2,000) being left in his hands by order of the Syndic.

By the judgment upon the tableau of distribution but $614 99 were decreed to *Hyde & McKie*, although the repairs made by them upon the boat were estimated at $5,455 38, the Judge of the lower court having been of the opinion that certain other privileges enumerated in Article 3204 of the Civil Code were superior to that of *Hyde & McKie*.

Since the case has been before this Court on appeal, the opponent, *M. Gauthier*, has filed his answer to the appeal, claiming to be allowed $954 50 as a privilege for wood furnished the boat, and to be paid by preference over all other creditors.

69

We think that Articles 888 and 890 of the Code of Practice contemplate an amendment of the judgment in favor of the appellee, under an answer only in those cases where the parties are all in relation to each other appellants and appellees, and not where the answer prays for an amendment of the judgment in favor of one appellee against his co-appellees as well as the appellant. If *M. Gauthier* was dissatisfied with the judgment, he ought to have appealed. It is therefore useless to examine his pretensions to an amendment of the judgment in his favor.

*Hyde & McKie* contend that in addition to their privilege they had a right to detain the boat in their possession, at the time of the surrender, against all persons, until the repairs made by them were paid for. They cite Article 2743 of the Civil Code and the case of *Gayarré* v. *Tunard*, 9 An. 254, Abbott on Shipping, &c., in support of this opinion.

It is not necessary to determine in this case whether the contractor, who repairs a steamboat, has the right to detain the boat or not under the law and authorities cited until he is paid, for we are of the opinion that when the boat was delivered to the Syndic, for sale, without objection, and sold by him, this right was abandoned and the parties relied upon their privilege alone.

The Judge of the District Court, we think, properly classed the appellants, under No. 8 of the Article 3204 of the Civil Code, and that legal charges, &c. and the wages of the captain and crew, &c. were superior in rank to the privilege of the appellants. *Scott* v. *His Creditors*, 3 An. 41.

*Captain Miller's* testimony was inadmissible to reduce the claim of opponents, but as in other respects he was impartial, or at most testifying against his interest, we do not think that the rejection of the inadmissible portion of his evidence can change the result.

Judgment affirmed.