## C. G. WILLIAMS et al. *v.* DONAT LEBLANC.

A judgment in a petitory action will be received as proof against those who were parties to the suit as warrantors.

Relief by amendment of the judgment of the court below cannot be extended to one appellee against another appellee.

The warrantor is not liable for counsel fees paid by the party calling him in warranty.

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J. *T. H. Lewis & Porter* and *Swayze & Moore*, for plaintiffs. *J. E. King*, for defendant. *Dupré & Garland* and *B. F. Linton*, for warrantor and appellant.

BUCHANAN, J. This is a petitory action for a tract of land measuring six arpents front on the Courtableau Bayou, by forty arpents in depth, being the same for which (with other lands) suit was brought by the same plaintiffs against *John Close*, and judgment rendered by this court at the August term in Opelousas, 1857. See 12 An., p. 873.

After judgment rendered in that case, it appears that plaintiffs discovered that the land embraced in the present suit had been in the possession of the present defendant *Donat Leblanc*, from a date antecedent to the institution of their previous suit above mentioned. They have, therefore, instituted the present suit against *Donat Leblanc*, the actual possessor of the land.

Donat Leblanc has called in warranty his vendors, *Honoré Déjean* and *Casimir*

*Leblanc*, who appeared and called in warranty their vendor, *John Close*. The suit of *Williams* v. *Close*, decided in 12th An., was offered in evidence by plaintiffs, and was received as proof against the warrantors, who were parties to that suit. This ruling was correct. The warrantors were the real defendants in this action, and, as to them, the suit in 12th An. was not *res inter alios acta*. That suit, like the present, was a petitory action, *rei vindicatio ;* and although the action should properly have been instituted against a party in possession, yet, as the warrantors, though not in possession, choose to defend the action as if they had been in possession, the judgment rendered therein was binding upon them, as *ficti possessores qui liti se obtulerunt*. Mackeldey, Manuel du Droit Romain, section 302, paragraph 2.

There was judgment in favor of plaintiffs against the defendant; in favor of defendant against *Honoré Déjean* and *Casimir Leblanc*, his vendors; and in favor of the said *Déjean* and *Leblanc* against *John Close*.

*Close* alone has appealed; and it is the judgment against *him* alone which is open to our revision.

The plaintiffs have answered the appeal, by praying an amendment of the judgment as between themselves and the defendant, which allowed a remuneration to defendant for the enhanced value of the land and improvements; but this relief cannot be extended to one appellee against another appellee. The allowance in question, in the judgment of the District Court, was personal to the defendant, who is not before us as appellant.

The judgment appealed from is as follows :

" It is further decreed, that the warrantors, *Déjean & wife*, have judgment against their warrantor, *John Close*, in his individual capacity, and as administrator of his deceased wife, *Euphrosine Barré*, for the restitution of the price paid to him for the land, for three hundred dollars counsel fees, and for one thousand four hundred and ninety dollars and 83 cents, being the amount recovered by the defendant from the said *Déjean & wife*. It is further decreed, that the warrantor, *Casimir Leblanc*, have judgment against *John Close* in his individual capacity, and as administrator of the succession of his deceased wife, *Euphrosine Barré*, for the sum of one hundred dollars, fees of counsel, for four hundred and seventy-five dollars, being the price paid by said *Casimir* for his land, and for the sum of two hundred and ninety-eight dollars and sixteen cents, the latter sum being the amount received by the defendant from the said *Casimir Leblanc*.

This double judgment does not appear to us to be sustained by the evidence.

I. On the 25th of April, 1849, *John Close* and *Euphrosine Barré*, his wife, appeared before a Notary Public in the parish of St. Landry, and made a sale of a tract of land of five arpents front to the Bayou Courtableau, left bank, by forty arpents in depth, to their daughter, *Euphrosine Close*, wife of *Honoré Déjean*, authorized and assisted by her said husband. The consideration of this sale was a nominal price of one thousand dollars, or five dollars an arpent, " laquelle somme de mille piastres est ou sera à déduire de la part ou portion qui reviendra à la dite dame *Déjean* dans la succession du premier décédé de ses père et mère, les présens vendeurs, qui alors sera acquittancée sans qu'il soit besoin d'en prendre aucune inscription hypothécaire."

This recital of the deed shows plainly, that no money whatever was paid by *Mrs. Déjean*. There was a conveyance to her of a tract of land by her father and mother, in advance of her share in their inheritance, with a stipulation to collate, in the partition of said inheritance with her co-heirs, a sum of one thousand dol-

lars as the value of the advance thus received by her. *Mrs. Close* has died, but there is no proof of any partition of her estate, in which a collation has been made by *Mrs. Déjean;* and if there had been, *Mrs. Déjean's* recourse for restitution would have been against her co-heirs, under the warranty implied in partitions. *Close,* therefore, owes nothing to *Déjean* for the price of the land of which defendant has been evicted; for no price was paid by *Déjean* or his wife, to *Close* for said land.

Neither does *Close* owe anything to *Déjean* for lawyers fees in defending this suit. This point has been repeatedly settled in this court. See *Hale* v. *New Orleans,* 13 An., and the cases there cited.

The other items which make up the sum for which judgment is rendered in favor of *Déjean* against *Close,* are composed of damages assessed by the judgment in favor of defendant against *Déjean;* and which, even if proper charges against the latter, (which is not a matter before us,) he has no right to recover of appellant.

II. *Casimir Leblanc* bought at a public sale, made by order of court, of the effects belonging to the community of acquests between *Euphrosine Barré,* deceased wife of *John Close,* and her surviving husband, on the 4th of April, 1853, a tract of wood land measuring eight arpents front, by forty in depth, on the Bayou Courtableau.

On the 18th February, 1854, *Casimir Leblanc* sold to *Donat Leblanc* a tract of one and a-half arpents front, by forty arpents in depth, on the Bayou Courtableau, which the vendor describes in the deed as belonging to him, " having acquired the same at the public sale of the succession property of the late widow of *Charles Close.*" This title does not correspond with that upon which the appellant is called in warranty, The answer of *Close* to the call in warranty seems, however, to admit the identity of the land conveyed by the two titles; and the argument of his counsel upon the appeal does not call its identity in question. We may, therefore, suppose the description of *Casimir's* title in his deed to *Donat* to be a clerical error. We consider *Close* bound to warrant the title of the land sold at probate sale as community property. The price at which it was sold at that sale, was eleven dollars eighty-seven and a-half cents an acre; which for forty acres, the quantity which is covered by the claim of plaintiffs, amounts to four hundred and seventy-five dollars. For this amount the appellant is liable to *Casimir Leblanc,* his vendee.

There are some other items of damages allowed in favor of *Casimir Leblanc* by the judgment appealed from, which we reject for the reasons given in relation to the claim of *Déjean.*

A plea of prescription is filed by defendant, which, if it were an open question, we would think entitled to great attention; for the court in *Heirs of O'Conner* v. *Barré,* in 3d Martin, expressly decided that *Barré,* the author of the title of *Close,* was a possessor in good faith, and with a good title.

But the decision in 12 An., p. 873, of *Williams* v. *Close,* has barred this defence as to the appellant; and as to the defendant and his warrantors, who acquired their title less than ten years previous to the institution of the present action, prescription has not run in their favor, independent of the possession of *Close,* their author.

It is, therefore, adjudged and decreed, that the judgment of the District Court upon the call in warranty of the appellant, *John Close,* by *Honoré Déjean,* appellee, be reversed; and that the said call in warranty be rejected; and it is further

decreed, that the judgment of the District Court upon the call in warranty of the appellant, *Close*, by *Casimir Leblanc*, appellee, be amended, and that said *Casimir Leblanc* do recover of said *John Close*, upon his said warranty, the sum of four hundred and seventy-five dollars, with costs of his said call in warranty in the District Court. And it is decreed, lastly, that the appellee, *Honoré Déjean*, pay costs of his call in warranty in the District Court; and that the appellees, *Déjean* and *Casimir Leblanc*, pay costs of appeal.