No. 10,917.

MRS. EMMA BERTHELOT VS. MRS. J. E. FITCH ET AL.

Collation is founded on the equality which should prevail among children, and the purpose is to restore the property or its value to the succession, so that the heir will receive his portion as if no donation had been made.

If, as to immovables, the donee elect to collate in kind, the property belongs to the succession as of the date of the donor's death.

He will be charged rent for the property from the time of the opening of the succession.

He is entitled during that time to the taxes paid by him, and the insurance.

He also has the right to repairs made at his expense covered by the provisions of Articles 1256 and 1257 of the C. C.

The donee of movable must collate by taking less. 1283 C. C.

The waiver of all rights by the usufructuary in favor of one of the heirs in so far as concerns her portion does not give valid cause to object to a partition. The usufructuary has the right to waive the entire right. She, therefore, can waive a part on a property falling to one of the heirs.

A defendant who has not appealed can not avail himself of the appeal of his co-defendants. A judgment can not be amended as between co-appellees.

Immovable property in another State belonging to heirs must be administered under its laws.

A PPEAL from the Civil District Court for the Parish of Orleans. King, J.

*Henry P. Dart, Farrar, Jonas & Kruttschnitt* and *Samuel L. Gilmore* for Plaintiff and others, Appellants:

.  In partition, the heir-at-law and donee of movables is bound to collate their value at time of donation. As to immovables, if the donee collate in kind, the property belongs to the succession as of the date of the donor's death; and in that event is debtor the expenses placed upon it and necessary for its preservation or for keeping the property in proper order, as also all taxes; and is credited with the rents from the date of the opening of the succession. If the collation be made in kind, the donee is entitled to recover none of his expenses prior to the opening of the succession, except such as were absolutely necessary to the preservation of the thing. C. C. 1253-56-57-58 and 1268; Laurent, Vol. XI, p. 15; Aubry & Rau, Vol. VI, p. 633.

2.  When property is given to children by the father and mother, between whom a community exists, the collation is due one-half to the estate of each. Baillo vs. Baillo, 5 N. S. 230; 2 An. 630.

*W. S. Benedict* for Appellee cited:     C. C., Arts. 1227–28, 1234, 1236, 1242; 5 N. S. 228; 2 An. 630; 14 An. 625.

*Gilmore & Baldwin* for Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J. Plaintiff petitions for a partition as one of the heirs of her late father John Henderson, and to have returned to the mass of the succession (either in kind or by taking less) the property which two of the heirs have received in advance of their shares, in

order that this property may be divided together with the other effects of the succession.

One of the heirs filed an exception to the suit on the ground that prior it was necessary to know the assets and liabilities of the succession, in order that the judgment might settle the rights of the parties.

The court overruled this exception.

This heir denies in her answer that she is indebted to the succession. She also denies that any collation is due by her.

She alleges that her brothers and sisters have received from their father an amount equal to that which she has received.

Another heir admits that she received real estate from her father, and adds that only half is subject to collation, because her mother is living, and the property donated belonged to the community.

The remaining heirs also pleaded the general issue, and express their consent to a partition, subject to the right of usufruct of their mother.

The latter is also a party to the suit.

In her answer she admits that she has waived the usufruct allowed her by law on the share of plaintiff in the estate of her father.

The judge of the District Court ordered a partition to be made, and the judgment decrees that the heirs shall collate the property donated and that the taxes, insurance on the property and necessary repairs be deducted from the time mentioned in the judgment.

From this judgment the plaintiff appeals.

The order overruling the said exception gives no ground for defence. For the purpose is to ascertain the assets and liabilities of the succession.

Proof of these can not be required as a condition precedent to maintain the suit.

The judge orders the partition and regulates the manner in which it shall be made, as well as the collations. They are among the first acts to establish the assets and liabilities of the succession.

## ON THE MERITS.

Collation is founded on the absolute equality which should prevail in dividing property of the father or mother among children or other lawful descendants.

The donations made did not stipulate that they constituted an extra portion.

At the time of the donor's death they were in excess of the disposable portion of his estate.

The court in the judgment appealed from fixed the value of the immovable property at the time the succession was opened and at which the collation should be made in the event that the donees elect to collate by taking less, as required by Art. 1269, C. C.

The appreciation of the testimony in this respect by the district judge impresses us as just and eminently correct: that donated to Mrs. Maginnis at $14,000; that donated to Mrs. Fitch at $3100.

The latter is properly ordered to collate one-half the property donated to her by her father as head and master of the community. *With reference to the expenses on the immovable property in case the donor elects to collate in kind:* the court *a qua* ordered that the donees be charged with the rental of the property from the opening of the succession and fixed the amount due by Mrs. Maginnis for rent at $80 a month on the immovable property donated to her. This was proven as being a fair amount and was properly allowed.

We do not discover any error in ordering that the necessary repairs, taxes and insurance paid during the time the rent is charged on the property be deducted.

They were useful and unavoidable expenses incurred during the time that the rent was being paid.

Expenses in immovable property, in case of collation, are distinguishable by three kinds:

Necessary, useful, and those for mere pleasure.

The first is charged when they were necessary to preserve the thing.

The second should be deducted when the value of the real estate has been increased thereby.

The third should not be charged at all.

The donee has the right to take them away if he can without injuring the estate and leave things in the situation they were at the time of the donation.   1258 C. C.

With reference to necessary repairs, it is said that the donee has the right to reimbursement when he has acted as a prudent administrator should; that is, has had the work done as cheaply as possible, and has acted for the best in every respect.

" The *decujus* would have been obliged to make the expense had he been the owner; he would not have had the repairs made for less; it is, therefore, just that his succession should indemnify the donee." Baudry Lacantinerie, Vol. 2, p. 186.

This commentator illustrates what are necessary repairs, by reference to the reconstruction of a wall threatening to fall or the elevation of an embankment and the repairs to prevent this. The useful repairs are such as a prudent owner would make. They must be substantial and improve the value of the property.

The reasons for judgment and the judgment establish that necessary repairs and useful repairs improving the value of the property are to be deducted, such as the cost of the Barber asphalt pavement, $602, and the amount paid F. Jehnke also for paving, $270, to which the donee has a right.

The donee has no claim for expense in substituting one iron fence for another, it being proven that the first was not out of repair.

The other items which are not covered by the definition of repairs improving the value of the property or necessary must be rejected.

The same principle applies in all respects to the immovable property of the other defendant, Mrs. Fitch.

The plaintiff alone appeals.

All the appellees except one have filed an answer to the appeal alleged to have been taken by Mrs. Anna L. Maginnis.

She is not an appellant.

As between the appellees the several demands were passed upon by the judgment below.

There can be heard on appeal only those who are actually appellants. 12 An. 846.

Therefore the question of repairs is reduced to the issue presented by the appeal against those called upon to collate.

*Usufruct.*—One of the defendants files an objection on the ground that the survivor in community has no right to renounce her usufruct in favor of one of the heirs.

The waiver was made in favor of plaintiff, who is one of the owners.

If after the partition, or even before, the usufructuary waives her right as to an heir, this gives no valid objection to the partition of the property. She has the right to waive the whole; she therefore can waive a part. *Totum in toto et totum in qualibet parte.*

Berthelot vs. Fitch et al.

*The movable property* must be collated by taking less at its appraised value at the time of the donation. C. C. 1283. The value was correctly fixed, we think.

The wear and decay since they were purchased and presented to the donees should not be taken into account in establishing the rights of the parties, for the donee of movables is bound to collate their value at the time of donation.

We agree with the learned judge of the District Court that plaintiff has received no property from her father, and owes no debts for which she is bound to collate.

The claims made, if proven, come within the exception stated in Art. 1244 of the Civil Code.

One of the defendants claims that certain real estate in Mississippi should be brought into the settlement of the succession.

The question was not passed upon by the court *a qua*. Neither in the reasons for judgment nor in the judgment is there anything stated about real estate in which the succession has interest in another State.

In the absence of any decision as to this property by the court below, this court will not decide any issue affecting it.

In the second place, the claim is made by one of the appellees against her co-appellees.

The judgment can not be amended as between them.

We see no reason, however, not to add that immovable property in another State belonging to heirs must be administered under its laws. 3 N. S. 1; 7 N. S. 44; 12 R. 306; 9 R. 438; 5 An. 158; 14 An. 165.

We will not alter the judgment. The decree does substantial justice.

Judgment affirmed at appellants' costs.

### ON APPLICATION FOR A REHEARING.

Our attention on rehearing is directed to an error committed by the draughtsman of the judgment in the District Court.

It was evidently an oversight on his part. It escaped our attention. The district judge, in his reasons for judgment says: "In this case if Mrs. Maginnis collates in kind she owes rent which the evidence proves to be $80 a month from the date of the opening of the succession, from which must be deducted all necessary repairs." In

Schulte vs. Railroad Co.

our opinion a paragraph is headed: *With reference to the expenses on the immovable property in this case the donee elects to collate in kind,*" and we ordered that the donees be charged with the rental of the property from the opening of the succession and fixed the amount. due by Mrs. Maginnis for rent at $80 a month on the immovable property donated to her.

And that the necessary repairs, taxes and insurance paid during the time the rent is charged on the property be deducted, should the donee elect to collate in kind.

It happens by the said inadvertence that the clause reads: "If the parties elect to collate said immovables by taking less, the rent of the Magazine street property is hereby fixed at eighty dollars," etc.

This inadvertence we now correct by substituting for said words the following, viz:

"Should said defendants elect to collate said immovables in kind, the rent of the Jackson street property donated to the defendant, Mrs. Maginnis, is fixed at eighty dollars a month."

The judgment having been amended and made to comply with the reasons for judgment of the District Court and with the decision of this court, as amended it is affirmed without granting a rehearing, all parties in interest having been heard.

The appellees to pay the costs of appeal.

Rehearing refused.