(79 South. 403)

No. 21373.

NELSON v. BARBER.

(May 27, 1918. Rehearing Denied June 29, 1918.)

*(Syllabus by the Court.)*

CONTRACTS ⊙10(4)—REQUISITES—MUTUALITY —EFFECT.

A proposition by a baker accepted by a grocer, to deliver to the latter whatever bread he may require for 24 stores (for the business of which bread is absolutely necessary), for one year, at say, 2½ cents a loaf, of fixed weight and standard quality, the grocer to supply standing orders for same, subject to revision upon due notice would not be objectionable, as a contract, for lack of mutuality; but, where there is injected a condition that the grocer may sell another make of bread at not less than 4 cents a loaf, he is left at liberty to buy from others than the baker all the bread required for his stores, provided he sells it at not less than 4 cents, and is bound to buy from the baker only such bread as he may choose to sell at a lower price. In other words, it is left entirely to the grocer to determine, as his interest or caprice may suggest, whether he will buy any bread from the baker and, there being no mutuality of obligation, there is no contract.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Nelson O. Nelson against Abraham Barber. Exception of no cause of action maintained and suit dismissed, and plaintiff appeals. Affirmed.

Titche & Rogers, of New Orleans, for appellant. Edgar M. Cahn, of New Orleans, for appellee.

Statement of the Case.

MONROE, C. J. "On July 7, 1914, defendant, Barber, and plaintiff, Nelson, entered into a written agreement respecting the handling by Nelson of the bread manufactured by Barber. The contract was in form of a letter addressed by Barber to Nelson and accepted by Nelson. Following is a copy of the letter which, with the acceptance, constitutes the contract, viz.:

"'New Orleans, La., July 7, 1914. "'Nelson Co., City—Dear Sirs: I propose to supply you with whatever bread you may require for your retail stores for the period of one year with the privilege of renewal for a second year at the price of 2½ cents per loaf, less 5 per cent. discount for cash. The bread is to be of standard quality and no loaf to weigh less than 14 ounces. I will take back stale bread not exceeding an average of 5 per cent. on the total. "'The bread will be wrapped in compliance with city ordinance. You are to supply me with standing orders, subject to revision upon due notice, and I will deliver them complete at the regular hours. This offer applies to twenty-four of your stores, and as many more as you choose to add. You are privileged to sell another make of bread at not less than 4 cents a loaf. Either of us shall be liable for actual provable damages for failure to carry out the agreement. "'Yours truly,　　[Signed] A. Barber. "'Accepted: Nelson Co., by N. O. Nelson.'

"After the parties had complied with the contract for the first six months, to wit, until January 19, 1915, defendant, Barber, refused to continue the further execution thereof, and refused to make and deliver any more bread under the agreement.

"Thereupon, plaintiff brought this suit, alleging the contract, the written evidence of which he annexed to his petition; alleged that Barber immediately upon the execution

proceeded to carry out the contract, and delivered to plaintiff the bread, required by him, for which plaintiff promptly paid as he agreed to do in said contract. That, on January 19, 1915, defendant refused to make any further deliveries under the agreement and declared to plaintiff that he would not carry out the contract, assigning as a reason for his conduct that he was losing too much money on same. And that, on January 20, 1915, notwithstanding due demand, he continued and persisted in his refusal.

"That thereupon plaintiff endeavored to procure bread from other sources, but was unable to do so, for less than 3½ cents per loaf of fourteen ounces (as compared with 2½ cents, the contract price).

"That plaintiff conducts a great number of retail grocery stores in this city, daily sells a large quantity of bread to his customers, and that bread is absolutely necessary to him in the conduct of his said business.

"That plaintiff sells daily not fewer than 6,500 loaves a day, and the difference between the contract price and the price plaintiff is compelled to pay by reason of the default of Barber will amount to $14,405 between the date of said default (January 20, 1915) and the end of the life of said contract, to wit, July 6, 1915, which is the amount of loss and damage sustained by plaintiff by reason of the default of said Barber.

"That the price of flour in the New Orleans market and other markets of the world has greatly advanced between the date of the contract and the date of default, and plaintiff cannot procure bread at a price lower than 3½ cents a loaf.

"The prayer is for judgment accordingly for $14,405.

"Defendant filed exceptions:

"First. That the petition is too vague and indefinite.

"Second. That the demand is premature.

"Third. That plaintiff has mistaken his remedy and cannot proceed in the manner and form attempted.

"Fourth. That plaintiff's petition presents inconsistent allegations.

"Fifth. No right or cause of action.

"There was judgment maintaining the exception of no cause of action and dismissing the suit.

"Plaintiff appealed."

### Specification of Errors.

"(1) The court erred in holding that the contract was unenforceable because lacking in mutuality.

"(2) The court erred in maintaining the defendant's exception of no cause of action."

### Opinion.

The difference between the acceptance of a proposition to deliver so much bread, of a certain grade, within a time fixed, as the acceptor may want, or require, and the acceptance of a proposition to deliver such bread, within the time fixed, as the acceptor may require for the purposes of an established business to which it is essential, is obvious, and the principle upon which it is founded, well recognized. In the first case, the acceptor does not bind himself to want, require, or take any bread, and hence there is no consideration for the obligation, tendered by the proposition, to deliver bread. In the second case, the acceptor binds himself to require and take all the bread necessary to supply the demands of an established business to which bread is an essential (in this instance, it is written in the accepted proposition, "You are to supply me with standing orders, for the loaves required." etc.), and the acceptor also precludes himself from obtaining the required bread from any one else than the author of the proposition, thereby incurring obligations which are to be regarded as equivalents, and consideration, for those tendered by the proposition, and as,

with them, constituting a commutative contract. C.° C. arts. 1768, 1770; Smith v. Morse, 20 La. Ann. 220; Beck v. Fleitas, 37 La. Ann. 492; Landéche v. Sarpy, 37 La. Ann. 836; Lima, etc., Co. v. National, etc., Co., 11 L. R. A. (N. S.) 713, and note page 717; 9 Cyc. 329.

In the instant case, however, there is injected into the accepted proposition, the following, "You are privileged to sell another make of bread at not less than 4 cents a loaf," from the construing of which, with the other conditions of the proposition, it follows that plaintiff is left at liberty to buy from others than defendant all the bread required for his stores, provided he sells it at not less than four cents a loaf, and hence is bound to buy from defendant only such bread as he may choose to sell for a lower price. In other words, it is left entirely to him to determine, as his interest or caprice may suggest, whether he will take any bread from defendant. Whether it would be to his interest to demand not less than four cents at all of his stores, or four cents at some, and less, or more, at others, we are unable to say; nor does it matter for the purposes of this case. The facts remain that the accepted proposition places him under no obligation to buy bread from defendant, if he chooses the alternative, which it affords him, of buying from some one else upon the conditions stated. Nor, yet, does it matter that, during the six months of their dealing with each other, plaintiff may not have availed himself of that alternative, since he was at liberty so to do at any time. It may be remarked that it is not alleged that the bread that plaintiff was privileged to buy from others and sell for four cents differed in quality from that to be delivered by defendant.

We therefore conclude that there is no error in the judgment appealed from, and it is, accordingly,

Affirmed.