STULB v. STATE BOARD OF HEALTH

(June 10, 1929. Opinion and Decree.)

F. B. Freeland, of New Orleans, attorney for plaintiff, appellant.

Luther E. Hall, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff sues on a quantum meruit for $715. He alleges that he is a specialist in contagious and infectious diseases and that, as such, he was employed in August, 1923, by the defendant board of health, acting through its president, Dr. Oscar Dowling, for the purpose of supervising and handling leprosy cases in the city of New Orleans, and acted in that capacity for a period of 47 days; that a fair and reasonable compensation would be $25 per day.

The defendant admits the employment and that the services were performed during the period alleged. It sets up a contract under which it was agreed that plaintiff's compensation would be $10 per day. A reconventional demand is made for the sum of $50, an amount said to have been advanced plaintiff for expenses. There was judgment below dismissing plaintiff's demand and rejecting defendant's reconventional demand. Plaintiff has appealed.

Two witnesses testified in defendant's behalf: Dr. Dowling, president of the defendant board at the time the services of plaintiff were rendered, and his secretary, Miss Fannie Nelkin. The testimony of Dr. Dowling is to the effect that he was without authority to pay plaintiff more than $10 per day, and communicated that fact to plaintiff, who accepted compensation on this basis. Dr. Dowling is corroborated by Miss Nelkin.

On plaintiff's behalf, besides his own testimony, we find that of a number of doctors, all of whom appraise the value of his services at $25 per day or more.

Several of these doctors are members of the defendant board of health, each of whom testifies that the question of plaintiff's compensation had never been presented to the board for consideration. Mr. Daniel Wendling, a member of the bar, who represented plaintiff in negotiations with defendant, prior to the filing of this suit, testified that Dr. Dowling had told him, at the time the negotiations were under way, that he was limited to the sum of $10 per day by resolution of the board, but that he would be glad to see plaintiff get more, either from the city of New Orleans or the board itself, and that Dr. Dowling had approved a letter prepared by him and sent by the Attorney General to the city of New Orleans, demanding payment of a bill calling for additional compensation, which plaintiff had sent to the defendant board.

We are convinced from the evidence that, whatever may have been the value of plaintiff's services, he was employed on a basis of $10 per day, which amount he admits having received; that whatever Dr. Dowling may have said with reference to assisting plaintiff in recovering further compensation from the city of New Orleans, or from the defendant board, can have no effect upon plaintiff's claim against the present defendant.

The trial court was of this opinion and the voluminous record fails to indicate that he was manifestly wrong.

As to the reconventional demand, no appeal has been taken by defendant and no answer has been filed to plaintiff's appeal.

For the reasons assigned, the judgment appealed from is affirmed.