## CHAVEZ v. UNITED MOTOR CAR CO., Inc.

### No. 14638.

Court of Appeal of Louisiana. Orleans.

Jan. 2, 1934.

Cabral, Lenfant & Villere, of New Orleans (H. W. Lenfant, of New Orleans, of counsel), for appellant.

Bernard Titche, Jr., and Robert D. Samsot, both of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a prospective purchaser of an automobile to recover a deposit of $200 from an automobile dealer. The petition alleges that the written contract under which the deposit was made is a nudum pactum, containing a potestative condition, and the defendant is illegally retaining plaintiff's money.

Defendant answered admitting that a contract was entered into and that the deposit of $200 was made thereunder, but denied that the contract was illegal, and avers that plaintiff had breached it by refusing to purchase either a new or second hand car as he was obligated to do by the terms of the contract, and that, as a result thereof, the defendant had suffered a loss of $320, the amount of profit which it would have made from the sale of a new car, and in reconvention claimed this sum.

There was judgment nonsuiting the main and reconventional demands, and the plaintiff alone has appealed. The defendant has answered the appeal asking for an affirmation of the judgment dismissing the main demand and for a reversal of the judgment dismissing the reconventional demand.

The reconventional demand is not before us because the defendant and plaintiff in reconvention did not appeal and the answer to the appeal filed by it is not the proper procedure to accord it the right of having the correctness of the judgment nonsuiting the reconventional demand reviewed. Wilson v. T. L. James & Co., 14 La. App. 593, 122 So. 137; Stulb v. State Board of Health, 11 La. App. 113, 123 So. 154; Interstate Land Co. v. Doyle et al., 118 La. 587, 43 So. 173; Thalheim v. Suhren, 18 La. App. 46, 137 So. 874; Price v. Town of Ruston, 19 La. App. 356, 139 So. 55; Barnidge v. Cappel Motor Company, 12 La. App. 216, 125 So. 778; DeBellevue v. Couvillion, 3 La. App. 568; Fields v. His Creditors, 11 La. Ann. 545; Williams v. Leblanc, 14 La. Ann. 757; Bowman v. Kaufman, 30 La. Ann. 1021; Hottinger v. Hottinger, 49 La. Ann. 1633, 22 So. 847; Girod v. His Creditors, 2 La. Ann. 546; Jaffray v. Moss, 41 La. Ann. 548, 6 So. 520; Berthelot v. Fitch, 44 La. Ann. 503, 10 So. 867; Succ. Trouilly, 52 La. Ann. 281, 26 So. 851; Schwartz v. Rosetta, etc., Co., 110 La. 625, 34 So. 709; Standard Motors Finance Co., Inc., v. Yellow Bayou Gin & Planting Co., Inc., 1 La. App. 424.

The record shows that on December 22, 1931, plaintiff and defendant entered into a written contract under the terms of which plaintiff surrendered a Dodge sedan automobile on which he was allowed the sum of $618.95, $418.95 being used to liquidate an outstanding chattel mortgage on the car, and the balance of $200 being left on deposit to be credited on a new Hupmobile sedan costing $1,245 cash, F. O. B. New Orleans. The contract further contained the following provision: "This order is not subject to cancellaiton, but the net credit balance can be applied to the purchase of a Used car from the United Motor Car Co., Inc., at a price of not less than $400.00 on which said $200.00 can be applied. Delivery to be at buyer's option."

The plaintiff subsequently selected a used Hupmobile car which the defendant agreed to sell for $425, but which the plaintiff refused to accept as two expert appraisers valued the car at not more than $250. A dispute arose with the result that the plaintiff neither purchased a new nor a used automobile. He then demanded the return of his money on the ground that the contract, as written by the defendant, placed it within the power of defendant's representatives to prevent the plaintiff from ever purchasing a used car as it was left to their own volition to place an arbitrary and unreasonable price upon any used car that plaintiff might select.

In the recent case of United Carbon Co. v. Interstate Natural Gas Co., Inc., 176 La. 929, 147 So. 37, 40, the Supreme Court said: "A contract cannot stand if its enforcement rests solely upon the will of one of the parties. As we have said, defendant might choose or will to sell any amount of gas it saw fit or none at all. It is argued that it may be assumed that defendant would sell all the gas it could. That is beside the question. The pertinent point is, not what it might or would do, but what it is bound to do."

The law is clear that where only one party to a contract is bound it is a nudum pactum. Article 2034, Rev. Civ. Code; Campbell v. Lambert, 36 La. Ann. 35, 51 Am. Rep. 1; Blackshear v. Hood, 120 La. 966, 45 So. 957; Sherer-Gillett Co. v. Bennett, 153 La. 304, 95 So. 777; Caddo Oil & Mining Co. v. Producers' Oil Co., 134 La. 711, 64 So. 684; Nelson v. Barber, 143 La. 783, 79 So. 403; Kennon v. Brooks-Scanlon Co., 148 La. 120, 86 So. 675; Heeb v. Codifer & Bonnabel, 162 La. 139, 110 So. 178; Blanchard v. Haber, 166 La. 1014, 118 So. 117; Subdivision Realty Co., Inc., v. Woulfe, 17 La. App. 446, 135 So. 71.

Reverting to the contract, we find that the plaintiff had the option of purchasing either a new or used automobile. The used car is not described and the matter of selection was left entirely to the choice of the plaintiff.

Under the contract, the defendant could not have tendered any particular car and the plaintiff had the right to refuse to accept any automobile that the defendant might offer.

The contract does not fix the price of the used car except to provide that it was to cost not less than $400. Defendant was in no way restricted in fixing the price of the machine that the plaintiff would select. Defendant had the right to arbitrarily fix any price which its representatives might care to place on the car. The plaintiff was not obliged to accept the value placed by the defendant upon the selected automobile. In short, because of this unusual provision in the agreement, one or both of the parties had it within their power to defeat the purpose of the contract. We think the stipulation is a potestative condition and that the contract is, therefore, a nudum pactum. Consequently, the plaintiff is entitled to recover the $200 reserving to the defendant the right to claim, on a quantum meruit basis in a proper proceeding, a fair and reasonable charge for selling or disposing of the Dodge sedan.

For the reasons assigned the judgment appealed from, in so far as the main demand is concerned, is annulled, avoided, and reversed and it is now ordered that there be judgment in favor of the plaintiff, Frank O. Chavez, and against the defendant, United Motor Car Company, Inc., in the full sum of $200 with legal interest from judicial demand until paid, defendant to pay all costs. In all other respects the judgment is affirmed.

Reversed.