This is a suit brought by plaintiff to recover on a credit memorandum reading as follows:
"September 25, 1939.
"Mr. C.P. Hanlen
"Shreveport, La.
"Dear Sir:
"This is to certify that we are today crediting your account on our books in the amount of $400.00 which is allowance for your 1937 Plymouth Sedan, Motor #P4476812, License No. 151-794. This deposit is to be applied only on the purchase price of a new Passenger Car from us at price prevailing at time of delivery. It is understood and agreed that this deposit cannot be withdrawn in cash and that no other trade-in can be accepted on this deal. Thanking you, we are
"Yours truly,
"Howard Crumley
"By D.F. Green
"Sales Mgr.
"Note: This deposit good until January 1, 1942.
"DFG:OS
"I hereby agree to the above
"C.P. Hanlen
"Signed
"Witness:
"P.D. Gaskell
"P.D. Gaskell — Salesman"
The facts giving rise to the execution of the above memorandum were that plaintiff, at or about the time of the date of the memorandum, sold and delivered to defendant, an automobile dealer, a certain 1937 Model Plymouth Sedan, receiving in return credit on books of the defendant in the sum of $400, which sum, as clearly stated in the memorandum, was to be applied and allowed only on the purchase price of a new car.
In his petition plaintiff alleged that the defendant was unable to deliver a new car on demand by plaintiff, because of the fact that the Government of the United *Page 846 
States during the month of December, 1941, prohibited the sale of new automobiles.
At this allegation in plaintiff's petition defendant levels an exception of no cause or no right of action, contending that since plaintiff has alleged impossibility of performance of the contract on the part of defendant, therefore plaintiff has destroyed his right to recover on such contract.
In support of this argument defendant's counsel cites the case of Moore Tierney, Inc., v. Roxford Knitting Company, D.C., 250 F. 278. We are unable to agree that the above case is applicable. Rather we are of the opinion that it is opposed to the burden of defendant's argument. The case involved action by a manufacturer of knit goods for the value of goods sold to defendant. To this claim defendant interposed a counterclaim for damages on breach of contract arising from the failure of plaintiff to sell and deliver additional goods, being the balance of goods called for under a contract executed prior to the outbreak of hostilities between this country and the Imperial Government of Germany in World War I. Plaintiff defended against the counter-claim on the ground that the National Defense Act of 1916, 39 Stat. 166, had rendered complete performance of the contract impossible. There was judgment for the plaintiff on the amount claimed for goods actually sold and delivered. The counter-claim was disallowed.
Analysis of the opinion of the Court leads to the conclusion that impossibility of complete performance of the contract, while constituting an adequate defense against a claim for damages for breach of contract, did not affect the obligations of the parties with regard to that portion of the contract already fulfilled or susceptible of fulfillment.
The United States Supreme Court cases cited in brief of defendant's counsel we do not find analogous since they concern only questions involving the right to recovery of the value of property seized in time of war.
In the case before us, while it is true that the plea of impossibility of performance excuses the defendant from the performance of the contract as written, we do not feel that this point is finally determinative of plaintiff's cause and right of action, and therefore conclude that defendant's exception was properly overruled.
On the merits, defendant urges that plaintiff deliberately delayed the purchase of a new car in the face of repeated warnings until the sale of new cars was prohibited by government order, in view of which conduct the rights of the plaintiff were lost. In the alternative, defendant contends that he is entitled to be granted a delay until such time as a new car can be sold plaintiff in accordance with the terms of the credit memorandum, and, finally, in the alternative, that the relief granted by the Court should be restricted to a sum of not more than $200.
There can be no dispute about the intention of the parties with regard to the transaction between them, and certainly the facts recited by the credit memorandum in question are clear and unambiguous.
The facts disclose that plaintiff certainly was in no hurry to avail himself of the opportunity granted for the purchase of a new car, but since under the terms of the credit memorandum the opportunity subsisted until date of January 1, 1942, it cannot be urged that there was any obligation upon plaintiff to make such a purchase prior to said date. And since the sale of cars was prohibited from and after January 1, 1942, no blame can be attached to defendant for his failure to make delivery of a new car, in view of the impossibility of performance of this act. The record discloses that an attempt was made, both plaintiff and defendant cooperating, subsequent to January 1, 1942, to obtain a permit for the purchase of a new car, which effort was unavailing.
The District Court based its judgment on a calculation of value of the car belonging to plaintiff originally delivered to defendant. The testimony reveals that this car was sold by defendant for a sum of $265, of which amount $15 was immediately paid out by defendant as commission on the sale, leaving a net of $250 received by defendant.
Under the judgment of the District Court it is at once apparent that defendant has lost, through no fault of his own, the sale of a new car, and the attendant profit thereupon; plaintiff has lost the opportunity of purchasing a new automobile; whether such result were burden or blessing is not for us to decide.
To permit plaintiff recovery of the full sum of $400 evidenced by the credit memorandum would obviously be inequitable and unjust. To allow defendant to escape all responsibility for a settlement with plaintiff would be unconscionable. One of two remaining courses must be followed; either *Page 847 
the expiration date of the memorandum must be extended till such time as fulfillment will be possible, or judgment must be rendered in favor of plaintiff for the fair value of the property which he delivered to defendant on or about the 25th day of September, 1939.
Could this Court determine those events which are obscured from finite knowledge, the first alternative might be a means of settlement entirely agreeable to both parties litigant. But for this Court to pronounce a judgment so uncertain as to the time of effect that its exact date might not now be approximated within a space of years would be both futile and presumptuous. The possibilities of absurd consequence that might flow from such an action are too numerous and obvious to necessitate even an example by way of illustration.
There remains then only one course to pursue, namely, to fix the fair value of the property sold and delivered by plaintiff to defendant and permit plaintiff the recovery thereof.
The only objection made by defendant, on this particular point, to the judgment of the District Court is based upon failure to take into consideration his claim for an allowance of 20%, figured by defendant as his overhead cost of doing business. The evidence on this point is not adequate to justify judgment upsetting the determination arrived at by the lower Court.
For the reasons assigned, the judgment of the lower Court is affirmed, at appellant's cost.