In February, 1938, the plaintiff turned over to the defendant a damaged Ford car for which the defendant, an automobile dealer, allowed him a credit of $350 as a trade in value for a new Plymouth automobile to be delivered plaintiff during the year 1938. The defendant paid out the sum of $234.71 on account of a mortgage and other charges against the Ford car, and allowed plaintiff a credit of $115.29 on the new Plymouth. The order blank signed by both parties provides that the Plymouth Delux 1938 model was to be delivered in 1938, "or as soon thereafter as possible." The contract gave the purchaser the right to cancel the order and secure a return of his deposit in case of failure to make delivery of the car within thirty days after the date specified for delivery. It was also provided in the order that if full payment was not made for the new car within 48 hours after notification that the car was ready for delivery the deposit was to be forfeited.
The plaintiff brought this suit to recover this deposit or credit of $115.29 for the reason that the defendant has failed to deliver to him this new Plymouth car. The defense is that the defendant offered to deliver the new car to plaintiff during the year 1938 on the payment by him of the balance of the purchase price after allowing him the credit of $115.29, but the plaintiff was unable or unwilling to pay the price less said credit, and for that reason the defendant did not deliver the new automobile; that under the terms of the written order, the deposit was forfeited by plaintiff; and in the alternative, the defendant alleges that if it is held that the deposit was not forfeited, he is entitled to retain the deposit until he is able to obtain a car of the type specified in the contract, and until plaintiff is able and ready to pay the price, less the deposit.
The trial resulted in a judgment in favor of plaintiff for the amount of the deposit or credit, and defendant has appealed.
There is considerable difference between the plaintiff and the defendant Cormier as to whether or not the defendant tendered to plaintiff during the year 1938 the kind of new car that the latter had ordered. According to plaintiff, the only time during that year that defendant made any effort to deliver him a car was when he came by plaintiff's place in a Delux Plymouth and asked him if that was the kind of car he wanted, and he (plaintiff) told him that he wanted a two door Plymouth; that defendant stated he had the car sold to another party, but if the other party did not take it, the car would be available to plaintiff; that he told the defendant he had rather wait until fall as he would then have the money to pay in cash. The defendant testified that plaintiff never asked him to deliver the car in 1938; that he had plenty of cars that year and could have made the delivery in 1938 if plaintiff had been ready to pay the price. The defendant testified that just before the end of 1938 he instructed his bookkeeper to write plaintiff that his order was about to expire and that he had a car he could deliver him. The bookkeeper did not testify positively that he wrote plaintiff such a letter but was sure that if he could find his 1938 file it would show such a letter, but he could not find his file. Plaintiff denied getting such a letter.
However, it seems to us unnecessary to decide whether or not defendant tendered a car to plaintiff in 1938 and put him in default so as to claim a forfeiture of the deposit, as the defendant by his actions admitted that the deposit was not forfeited because he continued to negotiate with plaintiff in the fall of 1941 with a *Page 902 
view of selling him the car for which the deposit was still standing to plaintiff's credit. The defendant was unable to deliver plaintiff the car before the sale of passenger cars was terminated by the Government after the outbreak of the war. It is shown that plaintiff wanted the car in the fall of 1941 and was able to pay for it. The fact that defendant still recognized the deposit and the order for a new car to be in effect is evidenced by a letter which he wrote plaintiff on February 16, 1942, stating that plaintiff had turned in a used car in 1938 for which he had been allowed a credit of $115.29, and told him in that letter that the OPA officials had notified the defendant that dealers would be able to deliver cars on bona fide orders received before January 1, 1942, and suggested that plaintiff contact him at once so that plans could be worked out for the defendant to fulfill his obligation. For some reason or other permission could not be obtained from the OPA authorities for the delivery of the car, whereupon the plaintiff wrote the defendant a letter on March 20, 1942, asking for a return of the deposit.
Therefore, the situation as it existed in 1942 was that plaintiff had a deposit with defendant on the purchase price of a new car, and at that time the defendant was prevented from delivering the new car to plaintiff through no fault of his but because of the action of the Government in freezing cars in January, 1942. Under these circumstances, the facts are almost identical with those in the case of Hanlen v. Crumley, La.App.,12 So.2d 845, in which case it was held that the holder of a credit deposit on a new car was entitled to recover from the dealer the fair value of the used car turned in to the dealer where the dealer was unable to deliver the new car on account of the freezing of cars by the Government.
As was said in the above-cited case, it would be unjust and inequitable to require the plaintiff to wait an indefinite time for conditions to become such as would enable the defendant to deliver to him the kind of car for which he has this credit on the books of the defendant. On the other hand, it would be equally unfair and unjust to require the defendant to return to the plaintiff in cash the full amount of the credit if he did not realize that amount on the resale of the used car, thus causing him to sustain a loss, whereas, he had a right to anticipate that such a loss would have been more than offset by his profit on the sale of the new car.
We have searched the record for some definite proof by which to ascertain whether or not the defendant actually sustained a loss in the resale of the used car, and all that we find on this point is the following rather indefinite statement by defendant on being asked the price for which he sold this used car: "I couldn't tell the exact price, but I know I lost about $60 on the resale of this particular automobile I took in from him."
To say that he lost about $60 on the used car is not sufficiently definite to form the basis of a reduction of this amount in the judgment. In the above-cited case, the loss on the used car was fixed with certainty and there was no approximation in fixing the amount of the loss.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of the defendant in both courts.
 On Application for Rehearing.