SAVOY, Judge.
Defendant, owner of Scott Motor Company, issued to the plaintiff two credit memoranda. The first, in exchange for a Jeep automobile, was dated January 15, 1954, and provided:
“Credit allowance on Jeep to be credited towards purchase of new car or truck only. $450.00.”
Later, defendant received a Hobbs tandem trailer from the plaintiff and gave him $600 cash and the second memorandum, dated June 21, 1956, which provided:
“Credit towards purchase of new truck 2 ton or larger. It is understood this is a credit to be used towards purchase of new truck and not to be drawn in cash. $900.00.”
Plaintiff sued for $1,350,- alleging that defendant had made it impossible to comply with the contemplated contracts because he had gone out of the automobile business, and also that the units could not be returned, as defendant had sold them to third persons at a profit. Alternatively, plaintiff asked for the amount of money received by defendant from the sale of the Jeep and trailer.
The defendant entered a general denial, alleging the credit memoranda as the best evidence of their contents. Further answering, the defendant submitted that he was and is ready to fulfill his obligations under the memoranda, but that plaintiff made this impossible by going out of the trucking business and into bankruptcy, and by not accepting the trucks plaintiff was to have purchased with the memoranda. Further, that the memoranda were issued with the view of defendant making a profit, and were not to be paid in cash. Further answering, it was alleged that the true owner of the memoranda was the trustee in bankruptcy, who handled the bankruptcy of plaintiff.
An amended petition was filed, disclosing an act of assignment of the two credit memoranda by the trustee to the plaintiff. Plaintiff alleged in the alternative that there was no meeting of the minds between the parties, and he was entitled to be restored to the status quo, so far as possible; and he is entitled to be paid the proceeds of the sale of his vehicles sold by the defendant less whatever expenses the defendant was compelled to pay in disposing of said vehicles.
There was judgment in the lower court in favor of plaintiff and against defendant in the sum of $675. From.this ruling, defendant has appealed to this court. Plaintiff answered the appeal asking for an in *103 crease'in the award from $675 to the sum of $1,275.
In this Court, defendant urges that the memoranda should be enforced according to their express provisions, and they should not be construed as allowing plaintiff to abrogate his agreement that the credit was not to be drawn in cash. Alternatively, it was urged that the values should be placed according to the defendant’s testimony, which was $75.00 to $100.00 for the Jeep, and the amount of $600 already paid by defendant for the trailer.
Plaintiff answered the appeal asking for an increase to $1,275, and urged that the contracts were nudum pactum, and therefore it is necessary to ascertain the actual cash value of the Jeep and the trailer. Plaintiff submits that he proved the value of the trailer to be more than $1,500, and that judgment should be increased to the full amount of the credit memorandum for the trailer, less $600 already paid by defendant. As to the Jeep, it was submitted that since the defendant sold the Jeep within two or three weeks to a third person for $375, plus carrying charges, at a total price of $517.20, and the evidence as to the repairs was refuted, this sale set the criterion of its value, and judgment should be entered for $375.00 for the Jeep.
The evidence shows that the plaintiff considered that the memoranda were to be credited after a negotiated price was reached at the time of purchase of a new vehicle. He testified that he was accustomed to buying new truck's at large discounts off the advertised retail prices, and since the truck market was in bad shape, he had been offered large trucks for $50.00 to $150.00 over dealer’s invoice price. He testified that he had left vehicles with defendant for a deposit on other occasions, then bargained with defendant on another vehicle months later, before applying the deposit.
The evidence shows that the defendant considered that he was to fix a normal retail price when plaintiff wanted to purchase a new vehicle, and then allow the credits .for the memoranda.: He figured that his profits from the sale of the new vehicles would cover the value of the mem-oranda. Defendant testified that he quoted plaintiff a normal selling price on a two and one-half ton Dodge truck, on which he was to allow the credit memoranda, but the plaintiff refused to purchase it. Defends ant testified that he is still ready to comply with the terms of the memoranda.
Approximately three weeks after receiving the Jeep, the defendant sold it for .$375, plus carrying charges. ' The trailer was transferred by defendant to a partnership, owned by defendant and a silent partner, but the value fixed by the partnership was not shown.
The only evidence as to the value of the Jeep and the trailer was by the testimony of the parties.
Plaintiff testified that his cost of 'the Jeep was $450, although it involved a trade with the police jury, whereby he traded a Studebaker dump truck for $900 cash, an old International truck which he later sold for $150 and the Jeep. In order to avoid the necessity of advertisement by the police jury, the sales price >vas arbitrarily reduced under $1,000 to $990, and the Jeep was shown to be valued at $90.00 on the bill of sale. No repairs were made, and plaintiff turned in the Jeep to defendant for the memorandum. Defendant testified that he used parts from another Jeep, made substantial repairs, which he thought included the motor, the transmission and either the rear or front end. Defendant placed its value at the time it was received at $75.00 to $100.00. Evidence as to the repairs' on the Jeep was disputed, and it was shown that the motor number of the Jeep was the same at the time it was sold by defendant for the sum of $375.00.
As to the trailer, plaintiff testified that he purchased it for $1,000, spent $400 for tires and $166.55 on the brakes, and that such a trailer purchased new would cost from $4,500 to $5,000. A witness for the plaintiff testified the trailer was in good *104 shape. The trailer was left unused out in the weather for approximately six months before being traded to defendant. Defendant testified that he welded a frame on the trailer, and had to place four to five tires and some tubes on the trailer costing $392.-04, shortly after he received it. The defendant testified that he valued the trailer at no more than the $600 which he paid plaintiff to pay off the chattel mortgage at the time defendant received it.
The first matter for consideration is the legal effect of the two memoranda. There is little doubt but that the memoranda had some value in the minds of both parties. Plaintiff traded defendant the Jeep for the first memorandum, and, of course, the Jeep had value. Since it is common knowledge that a greater amount is offered by a dealer on a trade than would be offered in cash, it is evident that the -defendant would not have given $450 for the Jeep, but in anticipation of a profit on the sale of a new car or truck allowed the $450 on the purchase of a new car or truck only.
As to the tandem trailer, plaintiff received $600 cash, which was used to pay off a chattel mortgage on the trailer, and later, asked for and received the second memorandum. Again, the evidence is clear that the trailer had value above the $600 paid in cash. Also, the cash value of the trailer was less than $1,500, since defendant gave this memorandum making it clear that it was to be credited towards purchase of a new truck, two-tons or larger, and was not to be drawn in cash.
It appears that there was no meeting of the minds as to the memoranda. It is significant that the memoranda do not specify a particular vehicle to be purchased or contain the price to be fixed, or the manner in which it was to be fixed.
The plaintiff was not obliged to take any particular truck should the defendant offer it. Should plaintiff desire a particular truck, the defendant could arbitrarily fix any price he desired, since no method of Computing the price was specified. This is not changed by the fact that the defendant did offer the plaintiff a truck at what defendant considered normal retail price, and the plaintiff refused it, mainly because he felt he could purchase the truck elsewhere at a lower price. The plaintiff was not obliged to accept the price set by defendant.
Since one or both of. the parties could make either or both memoranda unenforceable and defeat their purpose, both memoranda contained a potestative condition and are therefore nudum pactum.
This holding is in line with the cases cited as involving similar facts and principals of law, to-wit: Martin v. Dutton Motors, Inc. (1944), 206 La. 154, 19 So.2d 32; Hanlen v. Crumley (La.App., 2 Cir., 1943), 12 So.2d 845; Fuselier v. J. C. Cormier Sales and Service (La.App., 1 Cir., 1943), 15 So.2d 900; and Chavez v. United Motor Car. Co., Inc. (La.App., Orleans, 1934), 151 So. 807.
In each of these cases the agreements were held unenforceable, either because of the war freeze on the sale of new automobiles or because the agreements contained a potestative condition.
The next matter for consideration is to consider the equities in this case, and to return each party to their original position, as closely as possible, so that neither party is unjustly enriched, or on the other hand, inequitably penalized.
Although the cases cited above vary as to the equities and the method used in determining how justice could best be served, we agree with the trial court that the award to plaintiff in this case should be the value of the Jeep and the trailer as of the time the defendant received them. This method is also suggested by both counsel for plaintiff and for defendant, although they disagree as to the value to be placed on each unit.
Although the defendant made it impossible to return the Jeep and trailer by *105 disposing of them, he was within his rights so to do in this case. However, equity demands that he pay value for them. Since the memoranda clearly indicate that they were issued for trade-in value, and not cash value, it would be unjust to allow plaintiff the full amount of the memoranda.
By averaging defendant’s estimate of $75.00 with plaintiff’s estimate of $375, the trial court fixed the value of the Jeep at $225. Also, the trial court fixed the value of the trailer at $1,050 by averaging defendant’s estimate of $600.00 with plaintiff’s estimate of $1,500. The $600 paid by defendant on the trailer was properly credited, leaving judgment on the trailer at $450. Considering the evidence adduced in this case, we agree with these evaluations by the trial court.
For the reasons assigned, judgment of the lower court is affirmed. Costs of this appeal are to be borne by appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.